**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES SIDNEY HARDY,

     Defendant - Appellant.

No. 12-6045
(D.C. No. 5:10-CR-00123-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

     Defendant-Appellant, James Sidney Hardy, appeals from the district court's

denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and

affirm.

---

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

     [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

On April 12, 2010, Mr. Hardy pleaded guilty to possession with intent to distribute approximately one ounce of a mixture or substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). See Order, United States v. Hardy, No. CR-10-123-F, ECF No. 51, at 1 (W.D. Okla. Feb. 8, 2012) (hereinafter "Order"). He was sentenced to 96 months on May 18, 2011, to run consecutively with any other sentence. Id.

In the original presentence report, Mr. Hardy's base offense level was 32 based upon 290 grams of crack cocaine. See Order at 1. His offense level was lowered by three for acceptance of responsibility. Id. His guideline range was 140 to 175 months based upon a total offense level of 29 and a criminal history category V. Id. After the disclosure of the initial presentence report, the district court noted that the Fair Sentencing Act of 2010 ("FSA") had been enacted, and entered an order abating sentencing proceedings. ECF No. 33 (W.D. Okla. Aug. 9, 2010). A revised report was issued on December 29, 2010, 2 Aplt. App. 1, applying the November 1, 2010 advisory guidelines that implemented the FSA, but the guideline range remained at 140 to 175 months. See Order at 2. The FSA was not applied retroactively.

Mr. Hardy filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 47 (W.D. Okla. Nov. 28, 2011). The court denied the motion on February 8, 2012, because Mr. Hardy's guideline range had not been

subsequently lowered by the FSA and the 18-to-1 ratio in the FSA was not retroactive. See Order at 2. The court referred to Mr. Hardy's conduct as "dope dealing" and stated that it would not reduce Mr. Hardy's sentence (even if it could) because the 96-month sentence was significantly below the guideline range and constituted "minimal punishment for selling this poison into the community." See Order at 3. This appeal followed.

Discussion

We review de novo the scope of a district court's authority under § 3582(c)(2). See United States v. Williams, 575 F.3d 1075, 1076 (10th Cir. 2009). Mr. Hardy argues that, despite the fact that his guidelines range did not change with the application of the new guidelines, Aplt. Br. 3, his sentence should have been lowered. He claims that it was not lowered due to judicial bias. Id.

Though the judge's remarks were not necessary to the resolution of the motion, they did not originate from an extrajudicial source and certainly do not reveal "such a high degree of . . . antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Most important, the district court could not modify Mr. Hardy's sentence based on § 3582(c)(2) because his sentencing range was not "lowered" by the Sentencing Commission—it stayed the same. See 18 U.S.C. § 3582(c)(2). Mr. Hardy further argues that he should have been sentenced below the five-year mandatory

minimum and that the FSA should be applied retroactively to his case. Aplt. Br. 4. Though the government suggests several reasons why Mr. Hardy is not eligible for such treatment, Aplee. Br. 9-10, this circuit has held that the FSA does not apply retroactively. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010); see, also, United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011); United States v. Fisher, 635 F.3d 336, 338-40 (7th Cir. 2011); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge