**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHELLIE M. EDMOND,

Defendant-Appellant.

No. 13-5094
(D.C. No. 4:96-CR-00174-CVE-1)
(N.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Shellie Edmond, a federal prisoner, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for a reduction to his prison sentence. Exercising

jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

Edmond pleaded guilty in 1997 to two counts of robbery in violation of 18

U.S.C. § 1951 and one count of possessing a firearm during the commission of a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

violent crime in violation of 18 U.S.C. § 924(c)(1).  He entered this plea pursuant to an agreement authorized by Federal Rule of Criminal Procedure 11(e)(1)(C).[1]  As part of the plea agreement, Edmond and the government agreed to a sentence of 271 months' imprisonment.  The district court sentenced Edmond accordingly.

Earlier in 2013, Edmond filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing he is eligible for a sentence reduction because a subsequent amendment to the United States Sentencing Commission's Guidelines Manual—Amendment 599—lowered the sentencing range on which his prison term was based.

The district court denied this motion for lack of jurisdiction.  The court correctly noted that it is not authorized to modify a sentence under § 3582(c)(2) if the amendment at issue does not lower the defendant's applicable sentencing range.  *See* USSG § 1B1.10(a)(2)(B) (2013); *see also United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009).  According to the court, Amendment 599 was just such an amendment.  Edmond's range was based on his status as a career criminal, whereas Amendment 599 affects only sentencing enhancements for using a firearm, not ranges for career criminals.  Thus, the court reasoned, the amendment did not affect Edmond's range.

Specifically, Edmond's sentencing range was based on USSG § 4B1.1(b)'s range for a category VI career criminal convicted of a base offense that, like

---

[1]  This subsection was later renumbered as Rule 11(c)(1)(C).

robbery in violation of 18 U.S.C. § 1951, carries a maximum sentence of 20 years. And Amendment 599 does not affect calculations for career criminals under USSG § 4B1.1(b). Rather, Amendment 599 clarifies that a sentence enhancement for using a firearm during the commission of a crime does not apply if a defendant is also convicted under 18 U.S.C. § 924(c)(1) for using a firearm in committing the underlying offense. *See* USSG § 2K2.4 cmt. n.4 (2013); *see also* USSG app. C, vol. II, at 69 (2000) (Amendment 599). Because Edmond's sentencing range was not determined by applying the firearm enhancement to his underlying robbery convictions, Amendment 599 did not affect Edmond's sentencing range, so the court lacked authority to reduce his sentence.

The district court is correct—a review of the record confirms that Edmond's sentence was not based on firearm enhancements to his robbery convictions. Therefore, we AFFIRM the district court's decision.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge