FILED
United States Court of Appeals
Tenth Circuit

**July 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TONY WASHINGTON,

      Defendant - Appellant.

No. 13-3136

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 2:07-CR-20090-KHV-2)**

---

Melody Brannon Evans, Interim Federal Public Defender, and Andrew J. McGowan, Assistant Federal Public Defender, District of Kansas, Topeka, Kansas, on the briefs for Defendant-Appellant.

Barry R. Grissom, United States Attorney, and James A. Brown, Assistant United States Attorney, Topeka, Kansas, on the brief for Plaintiff-Appellee.

---

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

     After examining the briefs and appellate record, this court determined unanimously that oral argument would not materially assist the determination of this appeal. Accordingly, this court previously entered an order honoring the

parties' requests that the appeal be submitted without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

## I.  INTRODUCTION

This appeal presents a narrow legal question: Can the movant, Tony Washington, utilize the sentence-modification procedure set out in 18 U.S.C. § 3582(c)(2) to have this court decide an issue left unresolved on direct appeal? The Supreme Court's decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), coupled with the policy statements accompanying U.S.S.G. § 1B1.10, compel a negative answer.

## II.  BACKGROUND

Following a jury trial, Washington was convicted on two drug charges: (1) conspiracy to distribute crack and marijuana, in violation of 21 U.S.C. §§ 841, 846; and (2) conspiracy to maintain a residence for the purpose of distributing those same drugs, in violation of 21 U.S.C. §§ 846, 856.  *United States v. Washington*, 399 F. App'x 418, 421 (10th Cir. 2010).  As part of determining Washington's advisory sentencing range under the 2008 version of the United States Sentencing Guidelines, the district court calculated Washington's base offense level.  *Id.* at 424-25 & 424 n.4; *see also* U.S.S.G. § 2D1.1(a)(3), (c) (2008) (providing that base offense levels for the drug crimes like those at issue in this case are tied to the quantity of drugs for which a defendant is accountable).

-2-

The district court estimated that 889.67 grams of cocaine base [were] attributable to Washington, as follows: 42.52 grams obtained for him by [coconspirator Carol Boyce]; 81.7 grams seized in a traffic stop of one of his distributors; 85.05 grams based on $2,600 confiscated from him when he arrived at the home of another conspirator while law enforcement officers were executing a warrant there; and 680.4 grams that represented 1.5 ounces, twice a week, for eight weeks that Washington, Simmons, and Williams purchased with their pooled money. Because the total was greater than 500 grams but less than 1.5 kilograms, the court determined the base offense level to be 34 under U.S.S.G. § 2D1.1(c)(3).

*Washington*, 399 F. App'x at 424.[1] On direct appeal, Washington contended the district court attributed too large a quantity of crack to him, "challeng[ing]"[2] two components of the district court's calculations: (1) the conversion of the $2600 into 85.05 grams of cocaine base; and (2) the estimation he and his coconspirators purchased 680.4 grams of cocaine base with their pooled money. *Id.* This court specifically declined to resolve Washington's challenge to the conversion of $2600 into 85.05 grams of cocaine base, noting: "Washington . . . recognizes that only the challenge to the 680.4 grams can lower the drug quantity below 500 grams and thereby reduce his base offense level under U.S.S.G. § 2D1.1(c)(4).

---

[1]This base offense level, when combined with (1) a two-level enhancement for possessing a firearm, U.S.S.G. § 2D1.1(b)(1), and (2) a three-level upward adjustment for being a manager or supervisor of the drug conspiracy, *id.* § 3B1.1(b), resulted in a total offense level of thirty-nine. Washington's total offense level, when combined with his criminal history category of I, resulted in an advisory sentencing range of 262-327 months' imprisonment.

[2]*United States v. Washington*, 399 F. App'x 418, 424 (10th Cir. 2010). As discussed more fully below, *Washington*'s description of the original briefing on direct appeal as mounting a "challenge[]" to the conversion of $2600 into 85.05 grams of crack is beyond generous.

We therefore confine our analysis to the 680.4 grams." *Id.* This court denied

Washington's appeal, concluding the quantity of 680.4 grams was supported by

sufficient evidence. *Id.* at 424-25.

In August 2011, Washington filed a pro se motion for sentence reduction

pursuant to § 3582(c)(2) and Amendment 750 of the Sentencing Guidelines.[3]

Washington did not challenge the correctness of his base offense level. Instead,

he made the legally erroneous argument that Amendment 750 allowed the district

court to reconsider its previous decision to give him a sentence above the bottom

of the advisory Guidelines range. *But see* U.S.S.G. § 1B1.10(a)(2)(B) (providing

a sentence reduction under § 3582(c)(2) is not authorized unless, inter alia, a

retroactively applicable Guideline has "the effect of lowering the defendant's . . .

guideline range"); *Dillon*, 130 S. Ct. at 2691-93 (affirming binding nature of the

---

[3]This motion was in anticipation of the United States Sentencing Commission making Amendment 750 retroactive. Effective November 2011, the Sentencing Commission did just that. U.S.S.G. App. C., amend 759 (Nov. 1, 2011) (giving Amendment 750 retroactive effect). Amendment 750 "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level." *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotation omitted). As relevant here, the retroactively applicable drug quantity tables now establish a base offense level of thirty-four when a defendant's crime involves 840 grams to 2.8 kilograms and a base offense level of thirty-two if the defendant's crime involves 280 grams to 840 grams. U.S.S.G. § 2D1.1(c)(3), (4). Thus, if any component of the district court's calculation of Washington's base offense level was struck, specifically including the 85.05-gram quantity this court declined to analyze on direct appeal, his base offense level would drop from thirty-four to thirty-two, his total offense level would drop from thirty-nine to thirty-seven, and his advisory sentencing range would drop from 262-327 months' imprisonment to 210-262 months' imprisonment. *See supra* n.1.

eligibility criteria set out in U.S.S.G. § 1B1.10).  Washington urged the district

court to reconsider and impose a sentence of 262 months, the bottom of the

Guidelines range applicable at the time he was sentenced.  The district court

denied his motion, concluding that because Amendment 750 did not reduce

Washington's offense level, it was without power to alter his sentence:

> Defendant apparently argues that the Court should re-sentence
> him because the FSA and subsequent amendments to the Guidelines
> lowered the guideline range for certain other defendants in crack
> cocaine cases.  A district court may reduce a term of imprisonment
> where the Sentencing Commission has lowered the sentencing range
> pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with
> the applicable policy statements issued by the Sentencing
> Commission."  18 U.S.C. § 3582(c)(2).  Section 1B1.10(a)(2), one of
> the applicable policy statements, provides that a reduction is not
> authorized if the retroactive amendments do not apply to defendant
> or do not have the effect of lowering the applicable guideline range.
> Because defendant's base offense level remains at 34 under the
> amended Guidelines, *see* U.S.S.G. § 2D1.1(c)(3) (2011 ed.) (base
> offense level 34 for offenses involving at least 840 grams but less
> than 2.8 kilograms of cocaine base), his guideline range remains the
> same.  Accordingly, defendant is not entitled to relief.  *See, e.g.*,
> U.S.S.G. § 1B1.10(a)(2).

Dist. Court Order, No. 2:07-cr-20090, Docket No. 292 (D. Kan. June 14, 2013)

(footnote omitted).

In May 2013, Washington, now acting through appointed counsel, filed

another § 3582 motion.  Although he styled his pleading as a "Motion for

Sentence Reduction Under 18 U.S.C. § 3582(c)," he did not assert the district

court had the power to modify his sentence.  Rather, the motion set out the

background history noted above and asked for the following relief:

Mr. Washington respectfully requests that this Court deny the present motion, so the Tenth Circuit will have the opportunity to decide whether the 85.05 grams . . . were properly attributed to him under U.S.S.G. § 1B1.3. He understands that he cannot prevail in this Court, as the Court's resolution of the sentencing issues operates as the law of the case. But the Tenth Circuit did not resolve [this] . . . quantity issue[] because, under the law at the time of the appeal, [it] did not change Mr. Washington's sentence. Now [it does]. He asks merely that he be allowed to advance his no longer moot claim[] in the circuit court.

The government responded by asking the district court to grant Washington's motion. In particular, it asserted as follows:

The United States of America, by and through undersigned counsel, responds with no opposition to the defendant's motion requesting that this Court deny him a sentence reduction. This matter comes before the Court on the Motion of Defendant for Sentence Reduction under 18 U.S.C. § 3582(c) (Doc. #299) filed on May 1, 2013.

The defendant has titled this motion as one for a reduction of his sentence under 18 U.S.C. § 3582(c); however the body of the motion asks that this Court simply deny him a sentence reduction. Therefore, the Court should grant the defendant's true request of simply denying him a sentence reduction. *See Sheridan v. United States*, 214 F. App'x 857, 858-59 (10th Cir. 2007) (holding a district court should review the body of a complaint to determine the true defendants in a *pro se* case, as opposed to simply those identified in the caption). "The error in the caption is not a fatal defect. In general, the allegations in the body of a complaint, not the names in a caption, determine the parties to a lawsuit." *Townsend v. State of Oklahoma ex rel. Oklahoma Military Dept.*, 760 F. Supp. 884, 888 (W.D. Ok. 1991).

Therefore, the Court should characterize this motion according to what is requested in the body of the motion and not in its title. The defendant has requested "an order denying him a sentence reduction." Doc. 299 at 1. Therefore, the Court should find this is a

motion for the denial of a sentence reduction, so that is the relief
sought, which should be granted–the denial of a sentence reduction.

In a minute entry, the district court denied Washington's motion, ruling as follows: "ORDER sustaining in part [Docket No. 299] motion, which the Court construes as a motion for an order denying defendant a reduction in his sentence, for substantially the reasons stated in the motion and the government's response [Docket No. 300] as to Tony Washington."

Thereafter, Washington filed the instant appeal, asking this court to take up and decide the issue it declined to resolve on direct appeal: whether the district court erred in converting $2600 in cash found on his person into 85.05 grams of crack. In response, the government filed a motion to dismiss the appeal for lack of appellate jurisdiction. In particular, the government argued this court lacks statutory jurisdiction because Washington's appeal does not fit within the four categories of allowed sentencing appeals under 18 U.S.C. § 3742(a).

## III. APPELLATE JURISDICTION

The government asserts this court lacks statutory jurisdiction because Washington's appeal does not implicate any of the four categories of allowed sentencing appeals set out in § 3742(a).[4] It emphasizes Washington conceded the

---

[4]18 U.S.C. § 3742(a) provides as follows:

A defendant may file a notice of appeal in the district court for
review of an otherwise final sentence if the sentence—

(continued...)

-7-

district court was without power to alter his sentence and specifically limited his requested relief to the *denial* of a sentence reduction. Thus, according to the government, Washington cannot argue on appeal that the district court's action in denying a sentence reduction resulted in a sentence "imposed in violation of law," "imposed as a result of an incorrect application of the sentencing guidelines," or "greater than the sentence specified in the applicable guideline range." *See* 18 U.S.C. § 3742(a)(1)-(3).

In response, Washington argues his appeal falls within the purview of § 3742(a)(1)-(3) because the district court's § 3582(c)(2) eligibility decision (albeit a decision it was compelled to make) is tainted by his original sentence, which sentence is unlawful and/or based on an incorrect application of the sentencing Guidelines. In particular, Washington argues the government failed, at

---

[4](...continued)

> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

his original sentencing hearing, to prove by a preponderance of the evidence that currency found in his possession was related to the drug conspiracy. Thus, according to Washington, the district court erred in calculating his original base offense level when it included in that calculation a quantity of cocaine base equivalent to the value of that currency. Washington further asserts the government is incorrect in arguing his § 3582(c)(2) motion requested the denial of a sentence modification. Instead, he asserts the motion merely recognized the district court was without power to grant him relief and asked the district court to resolve the motion in a timely fashion so he could proceed on appeal.

Although not recognized by the parties, the government's motion to dismiss for lack of statutory jurisdiction implicates a circuit split. The Sixth Circuit has held that § 3742(a) is the sole source of jurisdiction to review the denial of a § 3582(c)(2) sentence modification. *United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010). The Ninth Circuit, on the other hand, has held that the much broader grant of jurisdiction set out in 28 U.S.C. § 1291 over final district court orders applies to modification determinations pursuant to § 3582(c)(2). *Compare United States v. Dunn*, 728 F.3d 1151, 1156-58 & 1158 n.5 (9th Cir. 2013), *with id.* at 1160-63 (O'Scannlain, J., specially concurring) (agreeing binding Ninth Circuit precedent established § 1291 as the jurisdiction basis to review such determinations, but asserting the Sixth Circuit's decision in *Bowers* is correct). In published opinions with no analysis or discussion of the issue, this court has

stated that § 3582(c)(2) determinations are appealable under § 1291. *United States v. Hodge*, 721 F.3d 1279, 1279 (10th Cir. 2013); *United States v. Rhodes*, 549 F.3d 833, 834 (10th Cir. 2008).[5] Given the lack of analysis of the basis for jurisdiction in *Hodge* and *Rhodes*, however, they are not particularly helpful. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding a court "is not bound by a prior exercise of jurisdiction in a case where it was not questioned and was passed sub silentio").

We need not delve too deeply into this issue because nearly a decade ago this court, sitting en banc, held that § 3742(a)(1) does not displace § 1291's broad grant of appellate jurisdiction over appeals from final sentencing orders. *United States v. Hahn*, 359 F.3d 1315, 1320-22 (10th Cir. 2004) (en banc). *But see id.* at 1339-42 (Murphy, J., dissenting) (expressing doubt about the soundness of the *Hahn* majority's analysis of statutory jurisdiction). In rejecting the notion that the only types of allowed sentencing appeals were those four types set out in § 3742(a)(1), this court noted as follows:

---

[5]This court has also so stated in a number of unpublished dispositions. *See, e.g.*, *United States v. Terrones-Lopez*, No. 13-6077, 2014 WL 1647119, at *1 (10th Cir. Apr. 25, 2014); *United States v. Ledesma*, 538 F. App'x 836, 837 (10th Cir. 2013); *United States v. Edmond*, 535 F. App'x 737, 737 (10th Cir. 2013). This court has also identified both § 1291 and § 3742 as authorizing jurisdiction over § 3582(c)(2) determinations in a number of unpublished decisions. *See, e.g.*, *United States v. Norwood*, 548 F. App'x 550, 551 (10th Cir. 2013); *United States v. White*, 511 F. App'x 693, 694 (10th Cir. 2013); *United States v. Hardy*, 479 F. App'x 178, 179 (10th Cir. 2012).

-10-

[T]he district court's entry of a sentence constitutes a final order, thereby establishing subject matter jurisdiction under 28 U.S.C. § 1291. It is beyond dispute that a conviction and imposition of a sentence constitute a final judgment for § 1291 purposes.

We regularly take subject matter jurisdiction pursuant to both § 3742(a) and § 1291 over cases in which a defendant, after entering into a plea agreement, seeks to challenge only the sentence imposed by the district court. This practice is not unique to our Court. We also note that "[p]rior to the passage of the Sentencing Reform Act of 1984 . . . criminal appeals were taken pursuant to 28 U.S.C. § 1291" and that the scope of § 1291 jurisdiction included an abuse of discretion review over sentencing errors.

*Id.* at 1320-21 (citations and footnotes omitted). Thus, this court has statutory jurisdiction over Washington's appeal without regard to whether the arguments he seeks to advance fall within one of the four categories set out in § 3742(a)(1).[6]

Although not couched as such, it is possible to read the government's jurisdictional arguments as relating to Article III jurisdiction. *Cf. United States v. Battles*, 745 F.3d 436, 447 (10th Cir. 2014) ("It is axiomatic that we are obliged to independently inquire into the propriety of our jurisdiction."). That is, in arguing this court lacks statutory jurisdiction over this appeal, the government seems to suggest Washington is not aggrieved by the district court's order

---

[6]As noted by the government, this court recently stated, in dicta, as follows: "A defendant's right to appeal his sentence is governed by 18 U.S.C. § 3742, which allows a defendant to appeal a 'final sentence' only in certain circumstances." *United States v. Lonjose*, 663 F.3d 1292, 1298 (10th Cir. 2011). To the extent this unelaborated statement is inconsistent with the en banc decision in *Hahn*, this panel is obligated to apply *Hahn*. *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.").

because he obtained the relief he requested (i.e., he asked the district court to deny him a sentence reduction and the district court did so). *See United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012) ("To have standing, one must be aggrieved by the order from which appeal is taken." (quotation omitted)). The government's assertions in this regard are based on an improperly narrow reading of Washington's § 3582(c)(2) motion. Washington's motion did not request the denial of a sentence modification. Instead, it merely conceded the district court lacked power to modify Washington's sentence and asked the district court to so rule so the matter could be appealed to this court, the tribunal Washington believed could provide him relief. In contrast to the government's assertions, it is not remotely unusual for a litigant to concede an argument is foreclosed by binding law, while simultaneously preserving that issue for further review. *Cf., e.g., United States v. Antonio–Agusta*, 672 F.3d 1209, 1211 n.1 (10th Cir. 2012) (conceding claim of error failed because panel was bound by existing Tenth Circuit precedent, but preserving issue for challenge to correctness of that precedent); *Lowery v. Cnty. of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008) (same); *Brown v. Sirmons*, 515 F.3d 1072, 1091 (10th Cir. 2008) (same); *United States v. VanDam*, 493 F.3d 1194, 1198 n.2 (10th Cir. 2007) (same). That being the case, Washington is aggrieved by the district court order denying him a sentence modification and this court has Article III jurisdiction over his appeal.

## IV. ANALYSIS

That this court has jurisdiction to review the district court's final order denying Washington's motion does not speak to the question whether Washington can utilize the sentence-modification procedure set out in § 3582(c)(2) to have this court resolve an issue left unresolved on direct appeal. In answering that question, we begin by recognizing the modification procedure set out in § 3582(c)(2) is carefully constrained. It applies only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In determining whether a movant satisfies that baseline eligibility criterion,[7] courts must act "consistent[ly] with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (holding courts must begin process by "follow[ing] the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification" (quotation omitted)). The relevant policy statements explain that § 3582(c)(2) proceedings "do not constitute a full

---

[7]*See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) ("Section 3582(c)(2) prescribes a two-step process. First, a district court must determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. If a reduction is authorized, the court may consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." (quotations and citation omitted)).

resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Instead, a district court must begin by determining "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the [retroactively applicable amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

In *Dillon*, the Supreme Court emphasized the limited nature of a § 3582(c)(2) proceeding and noted that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." 130 S. Ct. at 2690. District courts do not "impose a new sentence in the usual sense," but merely reduce an otherwise final sentence in certain limited circumstances. *Id.* at 2690–91. Consistent with its "narrow view" of the sentence-modification procedure set out in § 3582(c)(2), *Dillon* specifically held that district courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines. *See id.* at 2694. Similarly, the Supreme Court in *Freeman v. United States* noted a "district court's authority under § 3582(c)(2) is subject to significant constraints." 131 S. Ct. 2685, 2693 (2011) (plurality opinion). Citing § 1B1.10(b)(1), the Court stated that "[a]ll Guidelines decisions from the original

-14-

sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Id.*

As these precedents make clear, the eligibility component of the sentence-modification procedure set out in § 3582(c)(2) is intended to be limited and streamlined. Nothing in those procedures contemplates the use of such a motion in the way contemplated by Washington. That is, nothing in U.S.S.G. § 1B1.10 authorizes a movant to (1) bypass a district court (even one admittedly constrained by the law-of-the-case doctrine) and then, on appeal, (2) ask this court to make the relevant eligibility determination in the first instance by reopening the movant's previously resolved direct appeal. Moreover, contrary to Washington's suggestion, this court's decision in *United States v. Battle*, 706 F.3d 1313 (10th Cir. 2013), does not support such an approach.

*Battle* adopts a procedure by which to account for the limited nature of the baseline eligibility determination in § 3582(c)(2) proceedings when, at the original sentencing, the district court did not make a necessary finding:

> Given the limited nature of § 3582(c)(2) proceedings, courts have struggled with the proper treatment of defendants who were originally sentenced on a finding of "at least" a certain drug quantity. Prior to the Sentencing Commission's [revision of the crack cocaine Guidelines], a defendant was subject to the highest base offense level if 1.5 kilograms or more of crack were attributed to him. Because this court rejects assertions of errors in drug quantity calculations as harmless if they do not affect the defendant's Guidelines range, *see, e.g.*, *United States v. Jeppeson*, 333 F.3d 1180, 1182 n. 2 (10th Cir. 2003), many district courts have acted in the interest of judicial

-15-

economy and found that various defendants cross that 1.5 kilogram threshold without settling on a specific weight.

*Battle*, 706 F.3d at 1318 (citation omitted); *see also* Fed. R. Crim. P. 32(h)(3)(B) (empowering district courts to bypass resolution of contested matters if, inter alia, the "matter will not affect sentencing"). Battle began by surveying the existing precedents:

> Several circuits have considered this issue in published opinions. In *United States v. Moore*, 582 F.3d 641 (6th Cir. 2009), Moore had been held responsible for "at least 1.5 kilograms of cocaine base" at his original sentencing hearing. *Id.* at 642. Nearly eight years later, Moore moved for a reduction in sentence under § 3582(c)(2). *Id.* at 643. The district court denied the motion, concluding that the original PSR, to which Moore had not objected, demonstrated that Moore was responsible for more than 4.5 kilograms. *Id.* at 644. The Sixth Circuit rejected Moore's argument that "the district court's previous determination of 'more than 1.5 kilograms' means that it cannot also find more than 4.5 kilograms." *Id.* at 646. Rather, "the district court could have made findings of fact based upon the PSR that would have provided a basis for rejecting Moore's motion on its merits." *Id.* at 645. However, the appellate court concluded that remand was appropriate "not because the district court must apply the reduction, but because no factual finding [from the first sentencing hearing] definitively linked Moore with 4.5 kilograms of cocaine base." *Id.* at 646.

> In *United States v. Woods*, 581 F.3d 531 (7th Cir. 2009), defendants' PSRs, which were adopted by the district court, attributed more than 1.5 kilograms of crack to each defendant. *Id.* at 538. The district court later rejected defendants' § 3582(c)(2) motions, concluding that the defendants were responsible for more than 4.5 kilograms each. *Id.* In affirming, the Seventh Circuit held that district courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court but may rely on the record of the original sentencing proceeding, including the PSRs adopted by the sentencing court and the original sentencing

-16-

memoranda, to make supplemental findings "not inconsistent with the conclusion of the original sentencing court." *Id.* at 538–39.

      The Fifth Circuit did the same in *United States v. Hernandez*, 645 F.3d 709 (5th Cir. 2011). There, the district court determined at the original sentencing that "the quantity of drugs far exceeds the 1.5 kilograms needed to yield a total offense level of 39." *Id.* at 710. However, the PSR, which was later adopted by the district court, stated that "[b]ased on the most conservative estimate, Jason Hernandez is responsible for 32.5 kg of cocaine base." *Id.* (alteration in original). The district court rejected Hernandez's § 3582(c)(2) motion, and that rejection was affirmed on appeal because "the sentencing district judge adopted the 32.5 kilogram quantity found by the PSR, far beyond the 4.5 kg threshold needed for the highest offense level." *Id.* at 712 . . . .

*Id.* at 1318-19. This court then adopted the narrow reconciliation procedure set out in the cited cases:

      We agree with the foregoing authorities that a district court's prior attribution of "at least" 1.5 kilograms of crack (or other similar language) to a defendant does not bind that court to a finding of exactly 1.5 kilograms in a subsequent § 3582(c)(2) proceeding. . . . [A] district court may look to its previous findings, including any portions of a PSR adopted by the sentencing court, to make supplemental calculations of drug quantity at resentencing if such calculations are necessary to "determine the amended guideline range that would have been applicable" in light of a retroactive Guideline amendment. U.S.S.G. § 1B1.10(b)(1).

*Id.* at 1319.

Washington contends his appeal represents nothing more than an appellate analog to the procedure adopted for district courts in *Battle*. That is, in *Battle*, this court allowed the district court to resolve in the context of a § 3582(c)(2) proceeding a contested quantity issue the district court previously declined to

-17-

resolve at sentencing because it would not affect Battle's sentence. *Id.* at 1315-16. Washington contends this court should likewise resolve, in the context of the instant § 3582(c)(2) appeal, a contested quantity issue we declined to resolve on direct appeal because it would not affect his sentence. Although Washington's appellate arguments have superficial appeal, they do not survive close scrutiny.

What Washington is asking this court to do on appeal bears no meaningful resemblance to the procedure this court approved for district courts in *Battle*. As the lengthy exposition of *Battle* set out above makes clear, the procedure contemplated therein is carefully tailored to flow directly from the original district court record, sentencing memoranda, and previously made factual findings. *Id.* at 1318-19 (consistently referring to use of the original record, original filings, and original findings-of-fact to make "supplemental" factual findings). The issue Washington asks this court to address, on the other hand, does not flow from a legal determination made on direct appeal. If this appeal were truly an appellate analog of *Battle*, it would raise a legal question that could be resolved by reference to legal rulings this court previously made on direct appeal. Washington challenges the sufficiency of the evidence supporting the district court's conclusion $2600 found on his person was related to his underlying drug-conspiracy conviction. He does not assert in this appeal, however, that this issue can be resolved by reference to any of the legal determinations made by this court on direct appeal. Furthermore, although this

-18-

court did resolve an evidence-sufficiency challenge to the district court's drug-quantity calculation on direct appeal, that resolution does not necessarily speak to whether a separate part of the district court's drug-quantity calculation is supported by sufficient evidence.

Likewise, Washington does not ask this court to resolve the propriety of the district court's conversion of $2600 to cocaine base by reference to his original briefing in this court on direct appeal. Those briefs are not part of the record in this appeal and Washington has not asked the court to take judicial notice of them.[8] Instead, Washington's brief in this appeal addresses anew the merits of

---

[8]We have, nevertheless, examined the briefs Washington filed on direct appeal. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."). Our review demonstrates it is far from clear the issue Washington asks this panel to resolve was properly preserved on direct appeal. The entirety of the treatment of the issue in Washington's opening brief on direct appeal is the following: "Additionally, the court erred in speculating, without basis, that the $2,600 found on Mr. Washington's person represented proceeds from the sale of cocaine base. Therefore, the resulting application of [85.05] grams was also erroneous." Washington's Opening Brief on Direct Appeal at 32. *But see Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) ("[C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine."); Fed. R. App. P. 28(a)(8)(A) (providing that an appellant's brief must include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Despite relevant government briefing, Government Response Brief On Direct Appeal at 26-27, there is no mention of the matter in Washington's direct appeal reply brief. Nor does it appear Washington can take comfort in the bare statement in this court's opinion resolving his direct appeal that he "challenge[d]" the conversion of $2,600 into 85.05 grams of crack. 399 F. App'x at 424. That statement is immediately followed by a recognition

(continued...)

the sufficiency issue.[9]  As a consequence, it is easy to conclude Washington's

appeal does not fit within the contours of his imagined appellate analog to *Battle*.

Instead, what Washington seeks is a brand new direct appeal, something utterly at

odds with the limited and streamlined eligibility determination envisioned in

§ 3582(c)(2), U.S.S.G. § 1B1.10, and *Dillon*.[10]

## V.  CONCLUSION

The issue Washington seeks to raise on appeal falls outside the procedures

established by the Sentencing Commission to implement the baseline eligibility

requirement in § 3582(c)(2).  *See* U.S.S.G. § 1B1.10.  Consequently, this court

has no power to address the matter.  The order of the district court denying

---

[8](...continued)
that it was entirely unnecessary to address the issue, as Washington specifically conceded, because his other, relevant sufficiency challenge failed.  *Id.*

[9]In direct contrast to the two cursory sentences afforded this issue in Washington's brief on direct appeal, his brief in the instant appeal thoroughly addresses the issue in twelve pages.

[10]As recognized in Washington's reply brief, our conclusion in this regard does not necessarily leave him, or other similarly situated defendants, without a viable remedy.  "[T]he courts of appeals are recognized to have an inherent power to recall their mandates . . . ."  *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998).  Nevertheless, "[i]n light of the profound interests in repose attaching to the mandate of a court of appeals, . . . the power can be exercised only in extraordinary circumstances."  *Id.* at 550 (quotation omitted).  This court "has power to set aside at any time a mandate that was procured by fraud or act to prevent an injustice, or to preserve the integrity of the judicial process."  *Coleman v. Turpen*, 827 F.2d 667, 671 (10th Cir. 1987).  Given the debatable adequacy of Washington's briefing on direct appeal, there exists a serious question whether he can satisfy that rigorous standard.  That, however, is a matter to be resolved should Washington seek to recall the mandate in No. 09-3216.

Washington a sentence modification is hereby **affirmed**.  The government's

motion to dismiss the appeal for lack of statutory jurisdiction is **denied**.