**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICARDO GARCIA-CHIHUAHUA,

    Defendant - Appellant.

No. 14-3109
(D.C. No. 6:14-CM-60012-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. INTRODUCTION

Ricardo Garcia-Chihuahua was sentenced to eighteen months' imprisonment for violating the terms of his supervised release imposed after being convicted for unlawful reentry into the United States in 2008 (the 2008 Reentry Case). On appeal,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he argues this sentence should be vacated based on an alleged due process violation in a separate matter in which Mr. Garcia-Chihuahua pled guilty in 2013 to unlawful reentry into the United States (the 2013 Reentry Case). Specifically, Mr. Garcia-Chihuahua claims his guilty plea in the 2013 Reentry Case was not knowing and voluntary because he was not informed that the 2008 Reentry Case would be transferred to the same federal district in which he pled guilty in the 2013 Reentry Case. This transfer resulted in the same federal judge imposing sentence for the violation of the conditions of supervised release in the 2008 Reentry Case and the conviction in the 2013 Reentry Case. We affirm.

## II.   BACKGROUND

In 2008, Mr. Garcia-Chihuahua was convicted of unlawful reentry after deportation in the Western District of Texas (the 2008 Reentry Case). He was sentenced to twenty-seven months' imprisonment and three years of supervised release. One of the conditions of his supervised release prohibited Mr. Garcia-Chihuahua from entering the United States without legal documentation. Mr. Garcia-Chihuahua was released from prison in April 2012, and his three-year supervised release term began at that time. In July 2012, Mr. Garcia-Chihuahua was removed to Mexico, his country of citizenship.

In November 2013, while he was still under supervised release for his 2008 conviction, Mr. Garcia-Chihuahua was found in Kansas without documentation and was indicted in the District of Kansas for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b) (the 2013 Reentry Case). Mr. Garcia-Chihuahua

2

and the United States entered into a plea agreement in the 2013 Reentry Case under Federal Rule of Criminal Procedure 11(c)(1)(C), pursuant to which the Government agreed to seek a sentence within the range set by the U.S. Sentencing Guidelines (Guidelines) and Mr. Garcia-Chihuahua agreed to waive certain rights, including his right to appeal or collaterally attack the prosecution, conviction, or sentence associated with the plea. Mr. Garcia-Chihuahua therefore pled guilty to unlawful reentry, and the district court accepted the plea and set his sentencing hearing for two-and-a-half months later.

While Mr. Garcia-Chihuahua's 2013 Reentry Case was pending in the District of Kansas, the Government filed a motion in the Western District of Texas to revoke Mr. Garcia-Chihuahua's supervised release in the 2008 Reentry Case. The basis for the Government's motion for revocation was that Mr. Garcia-Chihuahua violated the terms of his supervised release by reentering the United States without documentation. The Western District of Texas thus reopened the 2008 Reentry Case as a result of Mr. Garcia-Chihuahua's supervised release violation.

Before Mr. Garcia-Chihuahua's sentencing hearing in the 2013 Reentry Case, but after the court had accepted his guilty plea, the Western District of Texas transferred Mr. Garcia-Chihuahua's reopened 2008 Reentry Case to the District of Kansas. Although the Government and Mr. Garcia-Chihuahua were aware that the 2008 Reentry Case had been reopened before they entered the plea agreement in the 2013 Reentry Case, there was no indication at that time that the 2008 Reentry Case would be transferred to Kansas. Accordingly, the plea agreement did not mention it.

3

Mr. Garcia-Chihuahua thereafter sought to renegotiate his plea agreement, and the Government agreed to a modification. The parties submitted a joint motion to amend the plea agreement in which they requested a total sentence of thirty months to be imposed for both the 2013 Reentry and the violation of the conditions of supervised release in the 2008 Reentry Case. The parties reached this sentence by adopting the middle of the Guidelines range for the 2013 Reentry offense, twenty-four months, and adding a consecutive six months for the supervised release offense in the 2008 Reentry Case. The parties explained that their motivation in seeking an amended plea agreement was to avoid a potential appeal in the 2008 Reentry Case, in which Mr. Garcia-Chihuahua had not waived his appellate rights.

The district court held a hearing on the parties' motion to amend the plea agreement. The court expressed its concern with the suggested thirty-month sentence, explaining the Guidelines range sentence for the 2013 Reentry offense was twenty-one to twenty-seven months and the Guidelines range for the supervised release offense in the 2008 Reentry Case was eighteen to twenty-four months. The court reasoned that "despite three prior offenses [for unlawful reentry] for which [Mr. Garcia-Chihuahua] served prison time and was deported, he does not seem to have learned the lesson, and he's reentered again." Therefore, the court felt that a thirty-month combined sentence was too lenient and denied the motion to amend the plea agreement.

The district court held a joint sentencing hearing for the 2013 Reentry offense and the supervised release offense in the 2008 Reentry Case, but did not consolidate

4

the cases. At that hearing, the district court sentenced Mr. Garcia-Chihuahua to twenty-one months' imprisonment for the 2013 Reentry Offense and eighteen months' imprisonment for the supervised release offense in the 2008 Reentry Case, to be served consecutively[1] for a total of thirty-nine months' imprisonment. Mr. Garcia-Chihuahua filed a timely notice of appeal, challenging only the sentence imposed in the 2008 Reentry Case for violation of the conditions of supervised release. Oddly, he challenges the 2008 Reentry Case sentence based on an argument that his guilty plea in the 2013 Reentry Case was not knowing and voluntary.

### III.  DISCUSSION

Mr. Garcia-Chihuahua argues his due process right to be fully and fairly apprised of the consequences of his guilty plea in the 2013 Reentry Case was violated because he was not informed that the 2008 Reentry Case might be transferred to the same district for sentencing. In terms of relief, he requests that we vacate his eighteen-month sentence in the 2008 Reentry Case. In response, the Government raises three alternative arguments: (1) we lack jurisdiction to hear Mr. Garcia-Chihuahua's appeal, (2) Mr. Garcia-Chihuahua failed to preserve his due process argument, and (3) Mr. Garcia-Chihuahua's due process argument fails to raise a proper challenge to his sentence in the 2008 Reentry Case. Although we disagree

---

[1] When the district court pronounced its tentative sentence, the court mistakenly said that the sentences would run concurrently. But when the court officially imposed the sentence, it stated that they would run consecutively. Counsel for Mr. Garcia-Chihuahua brought this to the court's attention, but the district court clarified that, if it had said concurrently, "that was a mistake" and that it "intended all along that these would be consecutive sentences," as it had previously indicated.

with the Government's jurisdictional and preservation arguments, we agree on the merits and affirm the district court.

### A. Jurisdiction

First, as to jurisdiction, the Government contends that because Mr. Garcia-Chihuahua has appealed only the sentence entered in the 2008 Reentry Case but raises an argument challenging the validity of his guilty plea in the 2013 Reentry Case, he has asked us to review a case over which we do not have jurisdiction.[2] But Mr. Garcia-Chihuahua has not requested permission to withdraw his guilty plea or asked that we alter his sentence in the 2013 Reentry Case; instead, he challenges the validity of his sentence entered in the 2008 Reentry Case. Under 18 U.S.C. § 3742(a)(1), we have jurisdiction to review "an otherwise final sentence if the sentence . . . was imposed in violation of law." *See also United States v. Washington*, 759 F.3d 1175, 1180–81 (10th Cir. 2014) (explaining that "a conviction and imposition of a sentence constitute a final judgment" under 28 U.S.C. § 1291 and therefore this court has jurisdiction over an appeal from a final sentence, regardless

---

[2] Mr. Garcia-Chihuahua argues we should deny the Government's motion to dismiss for lack of jurisdiction because the Government filed the motion more than fourteen days after Mr. Garcia-Chihuahua filed his notice of appeal. *See* 10th Cir. R. 27.2(A)(3)(a) ("A motion [to dismiss for lack of appellate jurisdiction] should be filed within 14 days after the notice of appeal is filed, unless good cause is shown."). But "an untimely motion does not result in forfeiture if the government raises the issue in its merits brief." *United States v. Mendoza*, 698 F.3d 1303, 1308 n.1 (10th Cir. 2012). The Government presented its jurisdictional challenge in its merits brief and therefore did not forfeit this argument. Moreover, we are always free to review our own jurisdiction. *See Shepherd v. Holder*, 678 F.3d 1171, 1180 (10th Cir. 2012).

of whether defendant's arguments fall within one of the categories in § 3742(a) (internal quotation marks omitted)).

Mr. Garcia-Chihuahua timely appealed the otherwise final sentence in the Supervised Release Case, which he contends was imposed in violation of the law. Whether Mr. Garcia-Chihuahua's argument based on a due process violation that allegedly took place in a different case is a proper basis to challenge his sentence goes to the merits of his appellate argument, not to jurisdiction. *Cf. Hagans v. Lavine*, 415 U.S. 528, 542 (1974) (explaining that jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover," and therefore "dismissal of the case would be on the merits, not for want of jurisdiction" (internal quotation marks omitted)). We therefore deny the Government's motion to dismiss for lack of jurisdiction.

### B.  *Preservation and Standard of Review*

The parties also dispute the appropriate standard under which we should review Mr. Garcia-Chihuahua's due process challenge. The Government asserts Mr. Garcia-Chihuahua failed to preserve this claim and we should therefore review it for plain error. Mr. Garcia-Chihuahua on the other hand advocates for a de novo standard of review. Although Mr. Garcia-Chihuahua did not specifically raise a due process claim in the district court, as a whole, his arguments at his sentencing hearing are sufficiently similar to his arguments on appeal for preservation purposes. At the sentencing hearing, Mr. Garcia-Chihuahua argued he had not expected the sentencing for violation of the conditions of supervised release in the 2008 Reentry Case to be

7

transferred to Kansas, and he expressed concern that the transfer would lead to an unanticipated increase in his sentence. Thus, Mr. Garcia-Chihuahua's primary argument for seeking a lower sentence in the 2008 Reentry Case was that he was not fully apprised of the consequences of his guilty plea in the 2013 Reentry Case. Whether this was sufficient to preserve Mr. Garcia-Chihuahua's due process claim is admittedly a close call, but because "this is not a case where a different result would occur as a result of our standard of review," we give Mr. Garcia-Chihuahua the benefit of the doubt and conclude that the argument was sufficiently preserved. *United States v. Vann*, 776 F.3d 746, 757 n.8 (10th Cir. 2015) (concluding that objections made during an expert witness's testimony, which came "in varying forms," were sufficient to preserve defendant's appellate challenge to the reliability of the expert's testimony as a whole). We therefore review his due process argument de novo. *See United States v. Gurule*, 461 F.3d 1238, 1247 (10th Cir. 2006) ("Our review of constitutional challenges to a sentence is *de novo*.").

### *C. Merits*

Turning to the merits of Mr. Garcia-Chihuahua's due process argument, we agree with the Government that this argument fails to state a proper basis for vacating Mr. Garcia-Chihuahua's sentence in the 2008 Reentry Case. Simply, Mr. Garcia-Chihuahua fails to explain how an alleged due process violation in the 2013 Reentry Case renders his sentence for violation of the conditions of supervised release in the 2008 Reentry Case unlawful. Mr. Garcia-Chihuahua does not argue the alleged due process violation undermines the district court's finding that he violated the terms of

his supervised release; nor does he claim the due process violation resulted in an incorrect application of the Guidelines, the imposition of a sentence that exceeded the permissible Guidelines range, or the imposition of a sentence that was otherwise unreasonable. Instead, his due process claim challenges solely the validity of his guilty plea in the separate 2013 Reentry Case, which says nothing of the lawfulness of his sentence in the Supervised Release Case.

Indeed, even if Mr. Garcia-Chihuahua's due process claim were meritorious— something we cannot decide here— the appropriate remedy would be to permit him to withdraw his guilty plea in the 2013 Reentry Case, not to vacate his sentence in the 2008 Reentry Case. *See, e.g.*, *United States v. McCann*, 940 F.2d 1352, 1358, 1360 (10th Cir. 1991) (concluding that a defendant's guilty plea was not voluntary and therefore directing the district court to permit the defendant to withdraw his guilty plea). But Mr. Garcia-Chihuahua cannot collaterally attack the guilty plea entered in the 2013 Reentry Case in this appeal of the sentence imposed for violation of the conditions of supervised release in the 2008 Reentry Case. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Our conclusion is not affected by the fact that Mr. Garcia-Chihuahua waived his right to appeal in the 2013 Reentry Case through the plea agreement. First, if Mr. Garcia-Chihuahua did not knowingly and voluntarily enter the guilty plea in the 2013 Reentry Case, the plea agreement, including the provision waiving Mr. Garcia-Chihuahua's appellate rights, would be unenforceable. *See United States v. Mitchell*,

633 F.3d 997, 1001 (10th Cir. 2011) ("If a guilty plea is not knowing and voluntary, it is void and any additional waivers in the plea agreement generally are unenforceable." (citation omitted)). Second, Mr. Garcia-Chihuahua's decision to waive his appeal rights in the 2013 Reentry Case did not create a right to raise claims of error occurring in that case through an appeal from the sentence entered in a different case. In other words, Mr. Garcia-Chihuahua was not deprived of a means to raise his due process argument; instead, he failed to pursue the argument in the correct case.

## IV.  CONCLUSION

Because Mr. Garcia-Chihuahua's due process argument fails to state a valid basis for vacating the sentence imposed as a result of the revocation of his supervised release in the 2008 Reentry Case, we affirm the district court's imposition of that sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10