FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

YEHIA HASSEN,

    Defendant - Appellant.

No. 24-3136
(D.C. No. 2:07-CR-20099-JWL-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

This appeal involves an effort to reduce a criminal sentence. The sentence was imposed in 2016 for offenses involving distribution of drugs and attempted money laundering. Roughly 8 years later, the defendant moved to reduce the sentence. The district court denied the motion, and the defendant appeals.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In this appeal, we consider two grounds to reduce a sentence. The first ground exists if there are extraordinary and compelling reasons to reduce the sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The second ground exists when the Sentencing Commission retroactively amends the guidelines in a way that would have reduced the defendant's guideline range. 18 U.S.C. § 3582(c)(2). The district court didn't err in rejecting the defendant's reliance on both grounds.

## 1. Extraordinary and compelling reasons for a sentence reduction

On appeal, the defendant characterizes four of his circumstances as *extraordinary and compelling*: (1) his age when he committed the crime, (2) a threat to his mother if he stopped selling drugs, (3) the relative harshness of his sentence in comparison with the sentences imposed on coconspirators bearing greater fault, and (4) a basis to sentence below the statutory minimum. We review the district court's rejection of these arguments for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 20131 (10th Cir. 2021).

First, the defendant points out that he was just 25 when he committed the offenses. The district court concluded that the defendant had been mature and had developed a sense of responsibility by the time that he was sentenced because he

- had been a manager in the conspiracy, and

- had failed to turn himself in after roughly 10 years.

2

The defendant denies that he was a manager of the conspiracy. But his plea agreement acknowledged that his role justified an increase in the offense level, so the district court didn't commit clear factual error by describing his role as managerial. In addition, the defendant doesn't deny that he chose to remain a fugitive until his arrest. By then, he was in his mid-30s, so the district court didn't abuse its discretion in rejecting the defendant's arguments about his youth.

Second, the defendant argues that he continued selling drugs because of a threat to his mother. But in district court, the defendant referred to this threat only in passing, arguing that the leader of the conspiracy had greater culpability. Now the defendant appears to link the alleged threat to his youth and the reasons he continued selling drugs. But the district court couldn't abuse its discretion by failing to consider an argument that hadn't been made. *See United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022) (stating that "we evaluate the district court's exercise of discretion based on the information presented at the time of the ruling"); *see also United States v. Hernandez*, 104 F.4th 755, 762 (10th Cir. 2024) (stating that "the district court had to exercise its discretion based on the contentions and information presented"). As a result, the district court didn't abuse its discretion by declining to reduce the sentence based on the alleged threat to the defendant's mother.

Third, the defendant argues that other co-conspirators with greater culpability obtained lighter sentences. The district court acknowledged the disparity, but attributed it to the fact that the defendant had fled. This reasoning didn't reflect an abuse of discretion.

Finally, the defendant argues that he should have been exempt from a 10-year minimum sentence. But the district court rejected this argument, reasoning that the 10-year minimum hadn't ever been "at play." R. at 255. After all, the district court imposed a sentence exceeding the statutory minimum by 17 years. The defendant doesn't say why it would matter if the district court could have imposed a sentence below 10 years.

\* \* \*

Because the defendant's four arguments don't reflect an abuse of discretion, we reject his reliance on the first ground for a sentence reduction.

## 2.     Reduction in the guideline range

The defendant also invokes the second ground, arguing that the district court should have reduced the offense level based on Amendment 821 to the guidelines. But this amendment wouldn't have applied to the defendant. The amendment applies only if an offender had no criminal-history points, U.S.S.G. § 4C1.1(a)(1), and the defendant had one such point.

4

Acknowledging this point, the defendant argues that it shouldn't matter because (1) it was for an old misdemeanor and (2) he took a class to clear the misdemeanor from his record. But the district court had counted this criminal-history point at the initial sentencing, and the court needed to use the same calculation of criminal history points when determining whether Amendment 821 applied. *United States v. Washington*, 759 F.3d 1175, 1182 (10th Cir. 2014); U.S.S.G. § 1B.10(b)(1). Because the defendant had at least one criminal-history point, the district court acted correctly in declining to apply Amendment 821.

\* \* \*

We conclude that the district court didn't err or abuse its discretion when denying the motion for a sentence reduction. Based on that conclusion, we affirm the ruling.

Entered for the Court

Robert E. Bacharach
Circuit Judge