FILED
United States Court of Appeals
Tenth Circuit

December 7, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN MATA-RODRIGUEZ,

Defendant-Appellant.

No. 15-3041
(D.C. No. 2:10-CR-20024-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Defendant-Appellant Adrian Mata-Rodriguez, proceeding pro se, appeals

from the district court's order modifying his sentence under 18 U.S.C.

§ 3582(c)(2), wherein he sought a reduction of his sentence based on Amendment

782 to the United States Sentencing Guidelines Manual ("U.S.S.G."). Exercising

our jurisdiction under 28 U.S.C. § 1291, and construing Mr. Mata-Rodriguez's

---

[*]       After examining the briefs and appellate record, this panel has
decided unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

filings liberally, see *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the district court's order.

In 2010 a jury convicted Mr. Mata-Rodriguez of, *inter alia*, several drug-related offenses, including possession with the intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The district court did not adopt the United States Probation Office's findings in the Presentence Investigation Report ("PSR"), which assigned an advisory Guidelines sentencing range of 262 to 327 months' imprisonment.[1] Instead, the court—having determined that Mr. Mata-Rodriguez's offense level was thirty-four and his criminal history category was I—determined that his advisory Guidelines sentencing range was 151 to 188 months' imprisonment, and sentenced him to 188 months.

After Mr. Mata-Rodriguez was sentenced, the United States Sentencing Commission retroactively lowered the Guidelines sentencing range for his crime. *See* U.S.S.G. app. C, amend. 782 (2014). He then filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The government and Mr. Mata-Rodriguez presented the district court with a proposed order to have his sentence reduced in light of the recent amendment. Taking into account the amendment, the district court reduced Mr. Mata-Rodriguez's offense level from thirty-four to

---

[1] The United States Probation Office utilized the 2009 edition of the United States Sentencing Commission Guidelines (hereinafter "U.S.S.G.") Manual in drafting the PSR.

thirty-two, assigned him a new Guidelines sentencing range of 121 to 151 months of imprisonment, and reduced his sentence from 188 months to 151 months—the high end of the new range.

Mr. Mata-Rodriguez appeals from the district court's § 3582(c)(2) order, arguing that the court erred because it failed to order a new PSR and to conduct an evidentiary hearing where he could present evidence of his rehabilitative gains while in prison. We review for an abuse of discretion a district court's order reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). The government contends that Mr. Mata-Rodriguez is only entitled to plain-error review because he did not first raise his appellate arguments before the district court. However, we need not reach a conclusion on this matter, because even under the standard of review that is more favorable to Mr. Mata-Rodriguez (i.e., abuse of discretion), he cannot prevail.

Mr. Mata-Rodriguez's arguments depend on the contours of the sentence-modification procedure set out in 18 U.S.C. § 3582(c)(2). That procedure is limited and our caselaw has articulated its contours. *See United States v. Washington*, 759 F.3d 1175, 1181 (10th Cir. 2014) (recognizing that "the modification procedure set out in § 3582(c)(2) is carefully constrained"). The

3

district court, within its discretion, modified Mr. Mata-Rodriguez's sentence under the limited jurisdictional allotment afforded it by § 3582(c)(2). That provision applies only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission modified the Guidelines range applicable to Mr. Mata-Rodriguez's sentence. *See* U.S.S.G. app. C, amend. 782 (2014).

However, in determining whether a movant satisfies the baseline eligibility criterion for a sentence modification, "courts must act 'consistent[ly] with applicable policy statements issued by the Sentencing Commission.'" *Washington*, 759 F.3d at 1182 (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (holding that courts must begin the process by "follow[ing] the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification" (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010))).

The key policy here is that § 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Instead, a district court must begin by determining "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect *at the time the defendant was sentenced*."

4

U.S.S.G. § 1B1.10(b)(1) (emphasis added). "In making such determination, the court shall substitute only the [retroactively applicable amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall *leave all other guideline application decisions unaffected*." *Id.* (emphasis added). Standing alone, the Guidelines language strongly indicates that the district court, in modifying Mr. Mata-Rodriguez's sentence, was not positioned to broadly revisit and consider anew the propriety of his sentence by ordering a new PSR or conducting an evidentiary hearing to assess his rehabilitative efforts since he was first sentenced.

Moreover, the Supreme Court's decision in *Dillon*, 560 U.S. 817, reinforces this conclusion. In *Dillon*, the Court noted that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." 560 U.S. at 825. The Court emphasized that district courts do not "impose a new sentence in the usual sense," but merely reduce an otherwise final sentence in certain limited circumstances. *Id.* at 825–27. The Court specifically held that district courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines. *See id.* at 831; *see also Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (plurality opinion) ("All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment.").

From this line of cases and the plain language of the Guidelines, which § 3582(c)(2) incorporates by reference,[2] we conclude that Mr. Mata-Rodriguez's arguments find no legal support. The district court was authorized to consider only the reduced Guidelines range in modifying his sentence; thus, it was obliged to "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). A new PSR, or evidentiary hearing to consider Mr. Mata-Rodriguez's rehabilitative efforts, would have had no effect on his modified sentence. More specifically, it would have been legally improper under the foregoing authority for the district court to order such procedural steps, and doing so would have amounted to no more than a meaningless gesture.

For the reasons stated above, we **AFFIRM** the district court's sentencing-modification order.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[2]     *See* 18 U.S.C. § 3582(c)(2) (permitting only sentence reductions that are "consistent with applicable policy statements issued by the Sentencing Commission").