**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4942**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BOOKER TRAVIS LAW, III,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-00640-RBH-1)

_____

Submitted:  October 5, 2009      Decided:  October 23, 2009

_____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for
Appellant.  Alfred William Walker Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Booker Travis Law, III, pled guilty to possession with intent to distribute fifty grams or more of crack cocaine and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The parties stipulated in the plea agreement to a 180-month sentence in exchange for the Government withdrawing its notice of sentence enhancement under 21 U.S.C. § 851 (2006). See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted the plea agreement and, therefore, was bound to sentence Law to 180 months, which it did.

On appeal, Law's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel questions, however, whether the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Law's guilty plea and whether the sentence is reasonable. Law filed a pro se supplemental brief, challenging the reasonableness of the sentence.

Because Law did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Law "must show: (1) an error was made; (2) the error is plain; and (3) the

2

error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks and citations omitted).

Although the district court did not advise Law that he would receive a negotiated sentence of 180 months, as required by Fed. R. Crim. P. 11(c)(4), we find that the court's omission did not affect his substantial rights. Law does not allege that, but for the Rule 11 error, he would not have pled guilty, see Martinez, 277 F.3d at 532, and Law received the benefit of the bargain in his plea agreement. Moreover, the district court ensured that Law's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Law's conviction.

Next, Law challenges the reasonableness of his sentence. We conclude, however, that we do not have jurisdiction over this portion of the appeal. Section 3742(c) of the United States Code limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was

3

imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Here, Law's sentence was not imposed in violation of law. His 180-month sentence is well within the maximum sentence of life imprisonment provided by 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2009). Nor is his sentence a result of an incorrect application of the guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines"); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions applies, we dismiss Law's appeal of his sentence. See United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th Cir. 1994) (finding that § 3742(c)(1) bars appeal of sentence imposed pursuant to Rule 11(c)(1)(C) plea agreement where "government agreed to forego filing a sentence enhancement information for prior criminal activities under 21 U.S.C. § 851").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the conviction and dismiss the appeal of the sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>