NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0052n.06

No. 09-3491

**FILED**

**Jan 24, 2011**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| WILLIAM TERRY BLACK, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

**BEFORE:** **DAUGHTREY, GILMAN, and McKEAGUE**, **Circuit Judges.**

**McKeague, Circuit Judge.** William Black was sentenced to 135 months in prison for conspiracy to possess cocaine base with intent to distribute and being a felon in possession of a firearm. After the Sentencing Commission retroactively reduced the base offense level for cocaine-base offenses, Black requested a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Black's request and Black appealed. Because Black has not asserted a claim that we are empowered to address, this appeal is **DISMISSED** for lack of jurisdiction.

**I.**

On August 30, 2005, Black pleaded guilty to conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(a) and § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At Black's sentencing hearing later

that year, the district court calculated a Sentencing Guidelines range of 135 to 168 months and then sentenced Black to 135 months in prison.

Effective November 1, 2007, the U.S. Sentencing Commission adopted Amendment 706, which amended the drug calculation tables to reduce the base offense level associated with cocaine-base offenses. U.S.S.G. App. C, amdt. 706. In 2008, the Commission made the amendment retroactive, making an individual serving a term of imprisonment for a cocaine-base offense under the old Guidelines eligible for a reduced sentence under the new Guidelines. U.S.S.G. app. C, amdt. 713 (effective Mar. 3, 2008).

Black then filed a motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a term of imprisonment that was premised on a guideline that was later retroactively reduced, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Black sought to reduce his sentence to 120 months under a recalculated amended Guidelines range of 108 to 135 months. The government opposed Black's motion for public safety reasons. The district court declined to reduce Black's sentence, citing Black's violent criminal history[1], record of recidivism, and possession of firearms in the instant offense. Black appealed.

---

[1] In connection with his participation in an armed burglary, Black was convicted of complicity to commit manslaughter with a firearm specification and complicity to commit felonious assault with a firearm specification in 1994. In 1992, Black was convicted of discharging a firearm in public.

**II.**

On appeal, both parties maintain that this court has jurisdiction under 28 U.S.C. § 1291, the general appellate jurisdiction statute. However, we have an independent obligation to police the subject-matter limitations of jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The correct jurisdictional statute for appeals of § 3582(c)(2) proceedings is actually 18 U.S.C. § 3742(a). *United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010). Section 3742(a) authorizes us to hear a defendant's appeal of an "otherwise final sentence" if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range . . . ; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Thus, § 3742(a) only permits sentencing appeals in certain instances.

Sentence-modification proceedings are not compelled by the Constitution and are in many ways conceptually different from original sentence proceedings. *Dillon v. United States*, 130 S.Ct. 2683, 2692-93 (2010). Accordingly, the Supreme Court has held that § 3582(c)(2) proceedings do not implicate the constitutional rights that the Court recognized are implicated in original sentencing proceedings in *United States v. Booker*, 543 U.S. 220 (2005). *Id*. at 2692. Of particular import to this case, in *Bowers*, we considered whether this court has jurisdiction under § 3742(a) to consider a defendant's claims of unreasonableness in § 3582(c)(2) proceedings. *Bowers*, 615 F.3d at 725. We held that allegations of *Booker* and *United States v. Gall*, 552 U.S. 38 (2007), unreasonableness in

- 3 -

§ 3582(c)(2) proceedings are not appealable under § 3742(a). *Id*. at 728 n.14 (noting also that "defendants may continue to appeal district-court determinations in sentence-reduction proceedings to the extent they allege 'violation[s] of law' not premised on *Booker* and its progeny"); *see Dillon*, 130 S.Ct. at 2692. With this in mind, we must then consider whether § 3742(a) empowers us to entertain any of Black's arguments on appeal. We will consider each of Black's arguments in turn.

Black first contends that the district court was required to recalculate the amended Guidelines range of his sentence, and that the court's failure to explicitly do so constituted an abuse of discretion. *See* U.S.S.G. § 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term . . . is warranted, the court shall determine the amended guideline range . . . ."). An allegation that the district court failed to or improperly calculated the Guidelines range is a claim of procedural unreasonableness. *Gall*, 552 U.S. at 51; *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009) (noting that a failure to calculate a sentence during an original sentencing proceeding is procedurally unreasonable). We do not have jurisdiction to hear a claim of procedural unreasonableness in an appeal of a § 3582(c)(2) proceeding. *Bowers*, 615 F.3d at 728.

Next, Black contends that the district court abused its discretion because it did not give "real consideration" to public safety concerns. If a district court determines that a defendant is eligible for a sentence reduction, the Guidelines require the court to consider public safety in determining whether to reduce the defendant's term of imprisonment. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) ("The court shall consider the nature and seriousness of the danger to any person in the community that may be posed by a reduction in the defendant's term of imprisonment . . . ."). Black also contends that the district court should have given more weight to his post-sentencing conduct. *Id*. § 1B1.10 cmt. n.1(B)(iii)

("The court *may* consider post-sentencing conduct of the defendant that occurred after imposition of he original term of imprisonment . . . .") (emphasis added). Simply stated, Black argues that the district court's conclusion that public safety concerns still warrant imposing the same sentence was unreasonable in light of the totality of the circumstances. Thus, Black has made a claim of substantive unreasonableness. *See United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (noting that substantive reasonableness review requires a court to consider the reasonableness of the sentence considering the totality of the circumstances). This is also a claim that we do not have jurisdiction to entertain in an appeal of a § 3582(c)(2) proceeding. *Bowers*, 615 F.3d at 728 (dismissing a sentence modification appeal premised on the argument that the sentence is substantially longer than necessary).

Finally, Black argues that the district court failed to analyze the § 3553(a) factors, or alternatively, that the district court's analysis of the § 3553(a) factors was inappropriate. This is a claim of procedural unreasonableness. *Gall*, 552 U.S. at 51; *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (noting that an original sentence may be procedurally unreasonable if the district judge neglects to consider the § 3553(a) factors). Thus, we also lack jurisdiction to entertain this claim. *Bowers*, 615 F.3d at 728.

**III.**

For these reasons, this appeal is **DISMISSED** for want of jurisdiction.