**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0015n.06

**No. 16-1158**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 06, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILLIAM SERRANO DOMENECH, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, GILMAN, and DONALD, Circuit Judges.

BOGGS, Circuit Judge. This is a straightforward sentencing case. In the district court below, the appellant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. He reasoned that since Amendment 782 to the United States Sentencing Guidelines reduced his base offense level for a past drug conviction, he should receive a proportionate reduction in sentence. The district court disagreed, concluding that the appellant was ineligible for a sentence reduction and that his sentence ought to remain the same. The appellant challenges the district court's determination in this appeal, arguing that the district court failed to take into account the required 18 U.S.C. § 3553(a) factors. Because the district court *did* take these factors into account and because the appellant is not entitled to a sentence reduction, we affirm the decision of the district court.

I

A

On April 4, 2006, defendant-appellant William Domenech was arrested by local sheriff's deputies in a motel just outside of Lansing, Michigan. With him were his brother (and later co-defendant) Alejandro Domenech, two women, and a fifteen-year-old minor. The group had traveled from Albequerque, New Mexico, where Alejandro had abducted one of the women, and they were currently involved in dealing drugs in the Lansing area. A search of the hotel room revealed various quantities of drugs, over $4,000 of counterfeit currency, and several loaded firearms. William's fingerprints were found on two of the weapons, and subsequent police investigations tied the Domenechs to armed robberies in the state of New Mexico.

After his arrest, William Domenech was charged with five counts: (1) possession of firearms by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A); (2) possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); (4) possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) and 21 U.S.C. § 841(a)(1); and (5) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was convicted on all five counts in a five-day jury trial. Domenech's five convictions effectively carried a mandatory-minimum sentence of ten years, and a statutory maximum of forty years.

Based on the crimes for which Domenech was convicted, the Probation Office analyzed the United States Sentencing Guidelines and determined a base offense level of 26. Because one of his crimes involved restraining a victim, his offense level was raised by two additional levels to produce a total offense level of 28. Domenech also had a lengthy criminal history, including a

domestic violence conviction for stabbing a roommate in the stomach, a pair of burglary convictions, and a conviction for carrying a concealed weapon, along with an arrest record that included aggravated assault and fighting charges. Because Domenech had also committed the instant offenses while on probation and less than two years following his release from custody for a prior offense, his presentence report recommended that he be assigned a criminal history category of VI. With a total offense level of 28 and a criminal history category of VI, the Sentencing Guidelines prescribed a sentencing range of 140 to 175 months of imprisonment, in addition to a mandatory consecutive term of 60 months for his Count 4 firearms conviction.

The district court adopted the findings in the presentence report, and imposed a discretionary sentence of 174 months of imprisonment plus the mandatory consecutive term of 60 months. This sentence was just one month short of the Sentencing Guidelines' recommended maximum. In the sentencing memorandum accompanying its final sentencing order, the district court evaluated the various statutory factors enumerated under 18 U.S.C. § 3553(a), concluding that the serious nature of Domenech's offenses combined with his "unwillingness to conform his behavior to societal norms and expectations" justified a sentence at the high end of the Guidelines' maximum range. In addition, the court found that Domenech's history of substance abuse and a high potential for recidivism supported a longer sentence in order "to permit ample time for correctional treatment." It thus concluded "that a total term of imprisonment of 234 months is sufficient, but not greater than necessary, to serve the purposes of sentencing as delineated in [18 U.S.C.] § 3553(a)(2)."

B

After Domenech began serving his sentence, the Sentencing Guidelines were retroactively amended to reduce the offense levels for certain drug sentences. *See* USSG

Amendment 782. Of relevance to this appeal, that amendment reduced by two the offense levels assigned for the possession of certain quantities of drugs. Domenech, whose convictions included one count of possession with intent to distribute 5 grams or more of cocaine, was potentially affected by the Guidelines modification. He filed a motion pursuant to 18 U.S.C. § 3582(c)(2) in 2014, seeking a sentence reduction based on the amended Guidelines. In response to Domenech's motion, a probation officer prepared a Sentence Modification Report, recalculating Domenech's recommended sentenced based on the amended Guidelines. It concluded that because Amendment 782 reduced Domenech's base offense level by two, his recommended sentence range was correspondingly reduced from 140-175 months of imprisonment to 120-150 months of imprisonment. Combined with his 60-month mandatory consecutive sentence for his Count 4 firearms conviction, Domenech's new total recommended sentence range effectively fell from 200-235 months of imprisonment to 180-210 months of imprisonment. The report recommended a reduced sentence of 209 months, consisting of a discretionary sentence of 149 months plus the 60-month mandatory sentence. Although the report did not mention this in its recommendation, the reduced recommended sentence was just one month short of the high end of the range under the amended Guidelines, just as Domenech's initial sentence was one month short of the high end of the range under the original Guidelines.

Both Domenech and the government concurred with the findings in the Sentence Modification Report. Domenech's response emphasized his personal progress during incarceration, noting that he had completed a GED, attended numerous self-improvement classes, and completed a substance-abuse treatment program. Although he conceded that he had committed several disciplinary infractions, most notably four infractions for possessing intoxicating substances and two infractions for possessing a dangerous weapon, he countered

that he had been cited only once since 2011, and even then simply for being absent from a work assignment. The government's response painted a less rosy picture, noting that "nothing in the record of this case reflects even an iota of acknowledgement on Defendant's part that he is responsible for his crimes or an iota of remorse." Thus, while the government agreed that Domenech should receive a reduction in his sentence proportionate to the amended reduction in the Guidelines, it concluded that "his conduct during his imprisonment to date is far from being so exemplary as to warrant his receiving any sentencing benefit beyond that recommended by the incremental adjustment made by Amendment 782."

The district court, however, disagreed with both Domenech and the government and refused to award a sentence reduction. Incorporating by reference the analysis contained in its original sentencing memorandum and the government's response to the Sentence Modification Report, the district court concluded that "the defendant is ineligible for a reduction of sentence" because he "is a danger to society and his conduct in prison suggests he still has substance abuse problems as well as an affinity for dangerous weapons." In addition, "[h]is potential for recidivism remains high." His motion to reduce his sentence denied, Domenech brings this timely appeal.

## II

As an initial matter, the parties dispute the appropriate standard of review for this appeal. Where a district court merely denies a motion to modify a sentence under 18 U.S.C. § 3582(c)(2), we review the decision for abuse of discretion. *See United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Where, however, "the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under

the statute, the district court's conclusion . . . is a question of law that is reviewed de novo."
*United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

The appellant argues, citing *United States v. Curry*, 606 F.3d 323 (6th Cir. 2010), and
*Dillon v. United States*, 560 U.S. 817 (2010), that the district court's conclusion that "the
defendant is ineligible for a reduction of sentence" amounts to a holding that the district court
lacked the authority to modify Domenech's sentence, thus triggering *de novo* review on appeal.
*See* Appellant's Br. at 14. The government disagrees, arguing that because the district court
incorporated by reference its earlier sentencing analysis and made some minimal additions in its
order denying Domenech's motion, the use of the word "ineligible" was a "mere semantic error
without substantive significance." Appellee's Br. at 12.

The government has the better argument here. *Dillon* sets forth a two-step process that
district courts must follow in analyzing a resentencing motion under 18 U.S.C. § 3582(c)(2).
First, the district court must "follow the Commission's instructions in [USSG] § 1B1.10 to
determine the prisoner's eligibility for a sentence modification." 560 U.S. at 827. This involves
"'determin[ing] the amended guideline range that would have been applicable to the defendant'
had the relevant amendment been in effect at the time of the initial sentencing." *Ibid.* (quoting
USSG § 1B1.10) (alteration in original). Second, the court must "consider any applicable
[18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized
by reference to the policies relevant at step one is warranted in whole or in part under the
particular circumstances of the case." *Ibid.* The Court in *Dillon* went on to explain that
"[b]ecause reference to § 3553(a) is appropriate *only at the second step of this circumscribed
inquiry*, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary
resentencing proceedings." *Ibid.* (emphasis added). By incorporating its initial sentencing

analysis, which thoroughly analyzed the required § 3553(a) factors, the district court clearly indicated that it had moved beyond step one of the *Dillon* inquiry and found him eligible for (if still undeserving of) a sentencing reduction. Thus, whatever language in the district court order appears to the contrary must be nothing more than "mere semantic error without substantive significance." Appellee's Br. at 12.

For this reason, we analyze Domenech's appeal under an abuse-of-discretion standard. "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005)).

## III

The appellant argues that, even under this more deferential standard, the district court abused its discretion when it determined that Domenech did not merit a sentence reduction. Specifically, the appellant argues that the district court made three erroneous findings of fact: "(1) [that] the defendant is a danger to society; (2) [that] his conduct in prison suggests he still has substance[-]abuse problems; (3) [that] his conduct in prison suggests he still has an affinity for dangerous weapons; and (4) [that] his potential for recidivism remains high." Appellant's Br. at 15. The appellant also argues that the district court misapplied the law when it failed to consider all of the § 3553(a) factors, and when it specifically misapplied the public-safety factor. *Id.* at 16–20. Both of appellant's arguments are without merit.

## A

The appellant first challenges several of the district court's findings of facts. Here, the district court's decisions are subject to the clear-error standard. *See Moore*, 582 F.3d at 644.

"A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). At no point does Domenech leave this court with such a firm conviction. Each of the district court's findings of fact, although arguably disputable, are not so contradicted by the record as to suggest that the district court committed a clear error.

With respect to the court's finding that "the defendant is a danger to society," the court had ample evidence on the record to support its conclusion. As the district court noted in its initial sentencing memorandum, Domenech possessed a lengthy criminal history at the time of conviction, including a conviction for aggravated domestic violence, multiple convictions for burglary, and a conviction for carrying a concealed weapon. His criminal record was so substantial that when the Immigration and Naturalization Service attempted to deport Domenech to his native Cuba, his return was refused. Even after he was imprisoned for his current convictions, he engaged in prison conduct that merited additional discipline, including two infractions for possessing a dangerous weapon. That Domenech has been in relatively good standing during the five years prior to this appeal does not render clearly erroneous the district court's conclusion that he "has shown no respect for the law despite increasing consequences for his crimes."

The same generally holds true for the remaining factual errors that Domenech raises on appeal. The district court's conclusions that Domenech has substance-abuse problems, an affinity for dangerous weapons, and a high risk of recidivism are arguably disputable, but not so disputable as to be deemed "against the clear weight of the evidence," and thus constituting clear error. *See Smith v. Fireman's Fund Ins. Co.*, 1994 WL 6043, at *3 (6th Cir. 1994) (per curiam)

(citing *West v. Fred Wright Constr. Co.*, 756 F.2d 31 (6th Cir. 1985)). In each instance, concrete examples on the record adequately support the district court's findings. Domenech was convicted of drug crimes and of illegally possessing firearms. While incarcerated, he engaged in similar behavior. Domenech received additional citations from prison officials for possessing illicit substances and for possessing dangerous weapons. The thrust of appellant's argument seems to be that his recent five years of good behavior should negate a lifetime of criminal behavior so that it would be an abuse of the district court's discretion to deny him the sentence modification he feels to be due. Because "[t]he decision whether to grant an authorized sentence reduction is discretionary," Domenech's argument is misplaced. *See United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010) (citing *Curry*, 606 F.3d at 330).

B

Domenech also argues that the district court misapplied the law in two instances: (1) when it failed to consider properly all of the § 3553(a) factors, and (2) when it failed to take into account the precise likelihood of "future dangerousness" in analyzing § 3553(a)'s public-safety factor. Neither argument succeeds.

The appellant's first argument comes in three forms, although they all essentially make the same point. Domenech argues that the district court failed to properly consider all of the § 3553(a) factors when it: (1) incorporated the sentencing memorandum accompanying its original sentencing order; (2) incorporated the government's response to Domenech's motion while reaching a different conclusion than the government; and (3) improperly analyzed the factors in the context of whether his *original* sentence was proper, rather than in the context of whether his sentence is *still* proper in light of the amended guidelines. The gist of all three arguments is that, because the district court's *initial* sentence was one month short of the range

prescribed under the original guidelines, the district court was then required to modify Domenech's sentence so that it was also one month short of the range prescribed under the amended guidelines.

Domenech's first two contentions involve plainly incorrect readings of the district court's opinion. The fact that the district court chose to incorporate both the analysis of its initial sentencing memorandum as well as the government's response to Domenech's motion does not mean that it also adopted their respective conclusions, nor is the district court logically required to do so. The most natural reading of the district court's opinion is that Domenech's original 234-month sentence is still appropriate after the Guidelines were amended for the same reasons that it was before—namely, Domenech's violent criminal history and his continued behavioral problems while incarcerated. That the district court chose to agree with only part of its incorporated sentencing memorandum does not alter the fact that the original memorandum *explicitly balances* the very § 3553(a) factors that Domenech now claims it failed to consider.

Domenech's third contention amounts to a misreading of our case law. He reads our decision in *United States v. Garrett*, 758 F.3d 749 (6th Cir. 2014), to stand for the principle that a district court's task in a § 3582(c)(2) proceeding is to analyze a defendant's sentence as if "the guideline, as amended, [had] been in place at the time of sentencing." *Id.* at 754. Domenech takes our language out of context. *Garrett* dealt with a prisoner who had received a sentence by way of a plea agreement, and the question we endeavored to answer was whether that plea agreement was sufficiently based on the Guidelines that an amendment to the Guidelines could make the prisoner eligible for a sentence reduction. The district court in *Garrett* had found that the prisoner was ineligible for a sentence reduction, and our decision focused on that eligibility question. Our opinion in no way suggests that a district court, once it finds a prisoner eligible for

a sentence reduction, is bound to resentence that prisoner as if the amended Guidelines were in place at the time of the original sentencing. Rather, our case law "makes clear that sentencing modification is a discretionary, limited proceeding that does not involve full-scale re-sentencing." *United States v. Daniel*, 414 F. App'x 806, 809 (6th Cir. 2011) (citing *Dillon*, 560 U.S. at 828) (holding that a district court did not abuse its discretion when it refused to reduce a defendant's sentence after the Guidelines had been amended, even where the defendant's original sentence fell outside the upper limit of the amended range).

The defendant's second misapplication-of-law argument is that the district court did not properly analyze § 3553(a)'s public-safety factor. Here, Domenech essentially argues that even if the district court were correct in concluding that he was still a danger to the public at present, it said nothing about whether he would still be a danger to the public in 2023, when Domenech would be released under his proposed reduced sentence. We have never stated, and Domenech cannot point to a single case in support of the proposition, that a district court is required to predict a prisoner's future danger to the public safety with any level of specificity. The district judge, although expected to exercise her best legal judgment in light of the facts on the record, is not expected to predict a prisoner's future behavior with exactitude. It certainly cannot be said that her failure to ponder the marginal difference between five and seven years of imprisonment as it relates to Domenech's future threat to the public safety amounts to an abuse of discretion.

IV

The decision whether to grant a proposed sentence modification under 18 U.S.C. § 3582(c)(2) is a discretionary one. A prisoner who seeks to show that a district court erred by refusing to grant a sentence modification must carry the heavy burden of showing that the district court abused that discretion. Merely demonstrating that the point is disputable or that the

evidence could also support a different outcome is insufficient. Because Domenech has failed to make a case that exceeds simple disputability, he has failed to show that the district court abused its discretion. We therefore AFFIRM the decision of the district court.