RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-5451

WILLIAM SHANE REID,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Winchester.
No. 4:12-cr-00027-1—Harry S. Mattice, Jr., District Judge.

Decided and Filed:  April 23, 2018

Before:  SILER, BATCHELDER, and DONALD, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:**  Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN
TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Terra L. Bay, UNITED STATES
ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge.  Following his guilty plea on a drug offense, William Shane Reid
was sentenced to 145 months' imprisonment.  Reid later moved the district court to reduce his
sentence based upon retroactive amendments to the Sentencing Guidelines.  The district court
denied his motion.  Because we lack jurisdiction, we DISMISS Reid's appeal.

I.

In 2012, Reid pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The district court calculated Reid's guidelines range as 151 to 188 months and in 2013 sentenced him within that range to 170 months' imprisonment. Reid's sentence was later reduced to 145 months, a 4% downward departure from the bottom of the guidelines range, following the United States' motion under Federal Rule of Criminal Procedure 35(b).

Amendment 782 to the Sentencing Guidelines went into effect in 2014. Among other things, the amendment reduced by two levels the base offense levels set forth in USSG § 2D1.1(c), the guidelines section under which Reid was sentenced. USSG app. C, amend. 782 (Nov. 1, 2014). The Sentencing Commission made Amendment 782 retroactive. *Id.* app. C, amend. 788 (Nov. 1, 2014). The parties agree that Reid's amended guidelines range is 130 to 162 months. Additionally, because Reid was previously granted a 4% downward departure under Rule 35(b), he is eligible for a comparable reduction to 125 months from his amended guidelines range. *Id.* § 1B1.10(b)(2)(B).

Reid filed a motion in 2016 under 18 U.S.C. § 3582(c)(2) to reduce his sentence. Aside from the guideline amendments, Reid emphasized his post-sentencing rehabilitative conduct. The United States agreed that Reid was eligible for a sentence reduction and took no position on his motion. The government pointed out, however, that Reid had incurred two disciplinary sanctions while incarcerated, for possessing "drugs/alcohol" and tobacco, respectively. The district court denied Reid's motion, stating that "Defendant's disciplinary infractions while incarcerated indicate that he has not gained respect for the law. These infractions are all-the-more troubling given that Defendant was on federal supervised release when he committed the instant offense." This appeal followed.

II.

We review the district court's denial of Reid's § 3582(c)(2) motion on the merits for an abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (citing *United*

*States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)).  However, as in every case, we are first obligated to examine whether we possess jurisdiction to entertain Reid's appeal.

"Criminal defendants enjoy no constitutional right to appeal their convictions; accordingly, in order to appeal one must come within the terms of some applicable statute." *United States v. Bowers*, 615 F.3d 715, 718 (6th Cir. 2010) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)) (cleaned up).  In *Bowers*, we held that our jurisdiction to entertain a defendant's appeal of the district court's denial of a § 3582(c)(2) sentence-reduction motion derives from 18 U.S.C. § 3742.  *Id.* at 722.  That statute grants us jurisdiction when a sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  18 U.S.C. § 3742(a).  Our jurisdiction under § 3742 is "tightly circumscribed," *Bowers*, 615 F.3d at 719, and Reid may not "invoke the broad grant of appellate jurisdiction found in [28 U.S.C.] § 1291 to circumvent the conditions imposed by 18 U.S.C. § 3742 for appealing sentences," *id.* (citations and alteration omitted).

Reid invokes § 3742(a)(1), arguing that the district court's denial of his sentence-reduction motion resulted in a sentence that was "imposed in violation of law," for two reasons. First, he argues that the district court failed to provide a "reasoned basis" for denying his motion. Second, he argues that the district court "misappl[ied] the governing statutory criteria" to the facts of his case.  In support, Reid cites cases in which we entertained identical arguments post-*Bowers*.  In *United States v. Domenech*, 675 F. App'x 519, 524 (6th Cir. 2017), we exercised jurisdiction when the defendant argued that the district court "made . . . erroneous findings of fact," "misapplied the law when it failed to consider all of the § 3553(a) factors," and "specifically misapplied the public-safety factor."  And in *United States v. Howard*, 644 F.3d 455, 459-61 (6th Cir. 2011), we heard the appeal of a defendant who argued, among other things, that the district court abused its discretion by failing to adequately explain its ruling.  Both *Domenech* and *Howard* arose in the context of sentence-reduction proceedings.

However, those decisions are not faithful to *Bowers*.  At their core, Reid's arguments are challenges to the procedural and substantive reasonableness of the outcome of his § 3582(c)(2)

sentence-reduction proceeding under the "reasonableness" review that the Supreme Court instituted in *United States v. Booker*, 543 U.S. 220, 261-62 (2005). In *United States v. Thomas*, 498 F.3d 336, 340-1 (6th Cir. 2007), we wrote that an argument that "the district court did not adequately set forth reasons" is a "procedural reasonableness" challenge. Similarly, in *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007) (cleaned up), we said that "a sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." But *Bowers* explicitly held that we do not have jurisdiction under § 3742(a)(1) to consider such arguments in appeals from the denial of sentence-reduction motions: "[A] defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *Bowers*, 615 F.3d at 727.

We are obliged to follow the explicit holding of *Bowers*, later cases notwithstanding. "[W]hen a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case." *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001). And pursuant to *Bowers*, we do not possess jurisdiction to entertain Reid's *Booker* unreasonableness arguments.

Appeal DISMISSED.