NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0628n.06

Case Nos. 17-2104, 18-1419

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 19, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ALVIN JULIAN TURNER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. After Alvin Turner pleaded guilty to a drug offense, the court sentenced him to 180 months of imprisonment. He later moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), and the district court denied that motion. He now asks us to review the court's denial on "reasonableness" grounds. But because we lack jurisdiction, *United States v. Bowers*, 615 F.3d 715, 716–17 (6th Cir. 2010), we DISMISS Turner's appeal.

**I.**

In 2013, Turner pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Fed. R. Crim. P. 11. His plea agreement set forth an advisory Guidelines range of 120 to 135 months, but Turner agreed to a sentence of 180 months in a deal where the government agreed not to seek an enhancement that would have subjected him to a mandatory minimum 240-month sentence. *See* 21 U.S.C. § 851.

Almost three years after the court imposed the agreed-upon sentence and after a retroactive amendment to the Guidelines, Turner moved the court to reduce his sentence under § 3582(c)(2). In a one-page order, the district court denied the motion, and Turner appealed. Because the district court did not sufficiently explain its reasons for denying the motion, we remanded for the court to offer its reasons. The court provided an explanation, thereby allowing effective appellate review.

**II.**

We begin—and end—by analyzing whether we possess jurisdiction to entertain this appeal. Our jurisdiction to hear an appeal of a § 3582(c)(2) sentencing reduction determination derives from 18 U.S.C. § 3742. *Bowers*, 615 F.3d at 721–22; *see United States v. Reid*, 888 F.3d 256, 257–58 (6th Cir. 2018), *reh'g en banc denied*, (6th Cir. July 11, 2018). That statute authorizes courts of appeal to review the outcome of a sentence-reduction hearing only in certain circumstances: where the resulting sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a); *Bowers*, 615 F.3d at 723.

*Bowers* further circumscribes our authority. It held that challenges to the procedural or substantive reasonableness of a sentencing court's denial of a motion to reduce a sentence, as here, fall outside our jurisdiction. *Bowers*, 615 F.3d at 717 (concluding that because the Supreme Court held that *Booker* does not apply to § 3582(c)(2) sentence-reduction proceedings, "[w]e lack jurisdiction to hear a defendant's appeal of a grant or denial of a sentence reduction pursuant to [§ 3582(c)(2)] on *Booker* 'reasonableness' grounds."); *see United States v. Booker*, 543 U.S. 220 (2005). Thus, for this court to have jurisdiction, Turner's claims must meet one of the four

statutory criteria above *and* must *not* challenge procedural or substantive reasonableness. *Bowers*, 615 F.3d at 717, 728 n.14; *Reid*, 888 F.3d at 258; *United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010).

True, we have strayed from *Bowers*'s command in some decisions of this court. *See Reid*, 888 F.3d at 258 (collecting cases). But according due respect to circuit precedent, we conclude that "[w]e are obliged to follow the explicit holding of *Bowers*, later cases notwithstanding." *Id.*; *see Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001). Unless an intervening decision by the Supreme Court requires modification or this court sitting en banc overrules *Bowers*, it remains controlling authority in this circuit. *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014).

With this jurisdictional foundation, we examine each of the specific errors that Turner raises, considering as to each his argument in support of our taking jurisdiction.

## A. Procedural Unreasonableness Claims Under Section 3742(a)(2)

First, Turner claims that we have jurisdiction because the district court did not explicitly calculate the amended Guidelines range before denying his request for a reduction. We therefore have jurisdiction, his argument goes, because the resulting sentence "was imposed as a result of an incorrect application of the sentencing guidelines." § 3742(a)(2). But, as Turner admits in his brief, this claim proceeds on procedural unreasonableness grounds. *Gall v. United States*, 552 U.S. 38, 51 (2007) (labeling the district court's "failing to calculate . . . the Guidelines range" a "significant procedural error"). And as we've confirmed, *Bowers* forecloses such review.

Indeed, just a few months after *Bowers*, we held that we lacked jurisdiction to entertain this precise claim on an appeal from a § 3582(c)(2) proceeding. *United States v. Black*, 407 F. App'x 892, 894–95 (6th Cir. 2011) ("Black first contends . . . that the court's failure to explicitly

[recalculate the amended Guidelines range] constituted an abuse of discretion. An allegation that the district court failed to . . . calculate[] the Guidelines range is a claim of procedural unreasonableness. We do not have jurisdiction to hear [such] a claim . . . ." (internal citations omitted)).

Turner seeks to evade the jurisdictional restriction on reasonableness review by arguing that his gateway to review differs from the defendants in *Bowers* and *Reid*. But no matter the path, we lack jurisdiction to hear a procedural or substantive unreasonableness challenge under *any* subsection of § 3742(a). *See Watkins*, 625 F.3d 277 ("To the extent that Watkins appeals the denial of the sentence reduction under section 3582(c) on *Booker* reasonableness grounds, we lack jurisdiction to entertain this argument."); *Black*, 407 F. App'x at 894–95 ("[*Bowers*] held that allegations of [procedural or substantive] unreasonableness in § 3582(c)(2) proceedings are not appealable under § 3742(a).") (citing *Bowers*, 615 F.3d at 728 n.14). Thus, Turner's allegation of procedural unreasonableness stymies our jurisdiction—not his selection from the quartet of options in § 3742.

The dissent pushes the same view as Turner, arguing that we "limited *Bowers* to its facts" and cabined it to § 3742(a)(1) appeals in *United States v. Grant*, 636 F.3d 803 (6th Cir. 2011) (en banc). But though *Grant* permitted a § 3742(a)(1) appeal, it never mentioned *Bowers* in discussing the court's jurisdiction. 636 F.3d at 809. Besides, *Bowers* encompassed all provisions of § 3742(a): "*Booker* unreasonableness review does not extend to Rule 35(b) appeals." 615 F.3d at 728.

Second, Turner argues that, by not citing any of the mitigation evidence he presented, the court did not properly consider the 18 U.S.C. § 3553(a) factors thereby incorrectly applying the sentencing guidelines. But this too raises a claim of procedural unreasonableness. *See Reid*, 888

F.3d at 258; *Black*, 407 F. App'x at 895 ("Black argues that the district court failed to analyze the § 3553(a) factors, or alternatively, that the district court's analysis of [them] was inappropriate. This is a claim of procedural unreasonableness."); *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (sentence may be procedurally unreasonable if the court fails to consider the § 3553(a) factors).

His final claim—that the court relied on clearly erroneous facts in denying the reduction—fails for the same reason. *Bowers*, 615 F.3d at 724 ("Procedural unreasonableness includes . . . 'selecting a sentence based on clearly erroneous facts.'") (quoting *Gall*, 552 U.S. at 51); *see Black*, 407 F. App'x at 895. Here, he points to *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), as undermining the ongoing viability of *Bowers*. There, the Court assumed "purely for argument's sake" that district courts have a duty when reviewing a sentence-modification motion—just like at an original sentencing—to "adequately explain the chosen sentence to allow for meaningful appellate review." *Id.* at 1965. But musing in a Supreme Court opinion about a possible district court obligation in a resentencing proceeding says nothing about our appellate authority to review such determinations under § 3742(a).

Our jurisdiction to hear appeals from § 3582(c)(2) sentence-reduction proceedings does not include review for *Booker* reasonableness. *Bowers*, 615 F.3d at 717; *Watkins*, 625 F.3d 282. And Turner's arguments are challenges on precisely those grounds. As *Bowers* noted, defendants "may continue to appeal district-court determinations in sentence-reduction proceedings to the extent they allege 'violation[s] of law' not premised on *Booker* and its progeny." *Bowers*, 615 F.3d at 728 n.14; *see United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (en banc) (holding our jurisdiction proper under § 3742(a)(1) where the defendant argued that "the district court committed an error of law by misapprehending the factors it was allowed to consider in deciding"

his Rule 35(b) sentence-reduction motion).  Here, Turner acknowledges that he made no claim under (a)(1) for a violation of law; he invoked only (a)(2) and (a)(3).  *See* Reply Br. at 1 ("Jurisdiction is proper under 18 U.S.C. § 3742(a)(2) and (a)(3).").

### B.  Plea Agreements That Specify Sentences Under Section 3742(a)(3)

Turner claims that his receiving a sentence "greater than the sentence specified in the applicable guideline range" supports our exercising jurisdiction under § 3742(a)(3).  The government counters that though Turner's sentence exceeds the applicable Guidelines range of 120 months, the agreement he signed falls within an exception to § 3742 because the parties agreed to a specific sentence under Fed. R. Crim. P. 11(c)(1)(C).

> The plain text of § 3742(c)(1) unambiguously bars our review.  That statute states:

> In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) [now Rule 11(c)(1)(C)] of the Federal Rules of Criminal Procedure--a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement.

§ 3742(c)(1).  Turner agreed—"pursuant to [Rule] 11(c)(1)(C)"—to a specific sentence of 180 months, and the court imposed the agreed-upon sentence.  R. 20, Plea Agreement, PageID 44.  His agreement stated: "The defendant and the government agree that a sentence of 180 months (15 years) imprisonment with the Bureau of Prisons is a sufficient, but not greater than necessary sentence in this case."  R. 20, Plea Agreement, PageID 41; *see* Fed. R. Crim. P. 11(c)(1)(C) ("[The parties] agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . .").

Thus, he cannot be heard to complain about his specific, above-Guidelines-sentence; he contracted for it in a deal to avoid the guarantee of a harsher one.  Indeed, Turner does not dispute that, had the government filed an information to enhance his sentence under 21 U.S.C. § 851, he

would have faced a mandatory minimum 240-month sentence based on his prior drug felony. *See United States v. Law*, 348 F. App'x 849, 851 (4th Cir. 2009) ("[Section] 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement."); *United States v. Prieto-Duran*, 39 F.3d 1119, 1120 (10th Cir. 1994) (finding that § 3742(c)(1) barred the appeal of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement where "the government agreed to forego filing a sentence enhancement information for prior criminal activities under 21 U.S.C. § 851").

Given the strength of the government's plain text argument, Turner takes a different tack, claiming the government misinterprets how § 3742(a)(3) and § 3742(c)(1) operate in the context of a sentencing reduction motion. For support, he first turns to *Hughes v. United States*, 138 S. Ct. 1765 (2018), where the Supreme Court held that a defendant sentenced under a Rule 11(c)(1)(C) plea agreement may seek a sentence reduction under § 3582(c)(2) so long as his sentence was "based on" his Guidelines range, which requires that the "range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1778. But *Hughes* establishes when a defendant can move a district court for a sentence reduction; Turner's appeal concerns the limit on our jurisdiction to hear *appeals* from sentence-modification motions.

Turner proceeds to cite two inapposite cases, neither of which concerned Rule 11(c)(1)(C) plea agreements. *United States v. Griffin*, 520 F. App'x 417, 418 (6th Cir. 2013) ("[Defendant]'s counsel asked for a sentence of 120 months, while the government sought a sentence at the top of the guideline range."); *United States v. Chambliss*, 398 F. App'x 142, 143 (6th Cir. 2010) ("A jury convicted Angelo Chambliss."). As such, they do nothing to advance his argument.

**III.**

In this circuit, *Bowers* sets the rules of play for defendants who appeal determinations in sentence-reduction proceedings. According its holding due respect, we DISMISS Turner's appeal.

**KAREN NELSON MOORE, Circuit Judge, dissenting in part.** Section 3742(a)(1) provides for appellate jurisdiction where a sentence "was imposed in violation of law." 18 U.S.C. § 3742(a)(1). In *United States v. Bowers*, we held that we lacked jurisdiction under § 3742(a)(1) to review sentence-reduction proceedings for *Booker* "reasonableness." 615 F.3d 715, 716–17 (6th Cir. 2010).[1] We did not eliminate jurisdiction for all appeals of sentence-reduction proceedings pursuant to 18 U.S.C. § 3742(a). Yet that is effectively what the majority signals today. I dissent with respect to the majority's jurisdictional holding under § 3742(a)(2).

Turner appeals from his sentence-reduction proceeding under 18 U.S.C. § 3582(c)(2) arguing that the district court failed to calculate the amended Guidelines range. Accordingly, he argues that we have appellate jurisdiction under § 3742(a)(2)—not § 3742(a)(1)—because his sentence "was imposed as a result of an incorrect application of the sentencing guidelines." § 3742(a)(2). The majority holds that, under *Bowers*, we cannot review his claim because "no matter the path, we lack jurisdiction to hear a procedural or substantive unreasonableness challenge under *any* subsection of § 3742(a)." Maj. Op. at 4. The majority overstates *Bowers*'s holding. *Bowers* posed a broad question—whether we have jurisdiction to review sentence-reduction proceedings for "procedural or substantive unreasonableness," *Bowers*, 615 F.3d at 725—but provided a narrow answer—"a defendant's allegation of *Booker* unreasonableness . . . is not a cognizable 'violation of law,'" *id.* at 728. It did not abrogate our jurisdiction wholesale under § 3742(a) to review sentence-reduction proceedings for error. To the contrary, *Bowers* expressly

---

[1] In *United States v. Booker*, the Supreme Court held that requiring judges to sentence according to the Sentencing Guidelines violates the Sixth Amendment, 543 U.S. 220, 233 (2005) (Stevens, J.), and that defendants can appeal their sentences by challenging their "unreasonableness," *id.* at 264 (Breyer, J.). Then, in *United States v. Dillon*, the Supreme Court held that *Booker*'s holding "render[ing] the Guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing regime" does not apply to sentence-reduction proceedings under 18 U.S.C. § 3582(c)(2). 560 U.S. 817, 819 (2010). We interpreted *Dillon* to mean that appellate courts do not have jurisdiction to review sentence-reduction proceedings for *Booker* unreasonableness. *Bowers*, 615 F.3d at 717. We are the only circuit to do so. *See infra* p. 4.

permits defendants "to appeal district-court determinations in sentence-reduction proceedings to the extent they allege 'violation[s] of law' not premised on *Booker* and its progeny." *Id.* at 728 n.14.

Moreover, we foreclosed a broad reading of *Bowers* in our subsequent en banc decision in *United States v. Grant*, 636 F.3d 803 (6th Cir. 2011) (en banc). There, we held that § 3742(a)(1) gave us jurisdiction to review a claim that "the district court committed an error of law by misapprehending the factors it was allowed to consider" for a sentence-reduction proceeding. *Grant*, 636 F.3d at 809. The defendant in *Bowers* had argued instead that the district court made clearly erroneous factual findings and that his sentence was substantively unreasonable. *Bowers*, 615 F.3d at 725. By deciding we had jurisdiction in *Grant*, we limited *Bowers* to its facts.[2] Had we wanted to extend *Bowers* beyond its set of facts, we would have analyzed whether erroneous application of sentencing factors is a question of procedural or substantive unreasonableness such that we lack jurisdiction on appeal. In light of our en banc precedent construing *Bowers* narrowly even within the confines of § 3742(a)(1), I would not adopt the untenable stance taken by the majority extending *Bowers* to § 3742(a)(2).

To support its broad reading, the majority points to our decision in *United States v. Reid*, 888 F.3d 256 (6th Cir. 2018). The defendant in *Reid* argued that the district court imposed a sentence in violation of law when it allegedly failed to provide a reasoned basis for denying his sentence-reduction motion and misapplied the governing statutory criteria to the facts of his case.

---

[2]In *Grant*, we separately cited *Bowers* for the proposition that district courts are not required to consider 18 U.S.C. § 3553(a) factors when deciding Rule 35(b) motions. *Grant*, 636 F.3d at 815–16. Specifically, we quoted the statement in *Bowers* that "[A] defendant's allegation of *Booker* unreasonableness in a Rule 35(b) proceeding . . . is not a cognizable 'violation of law' appealable under [18 U.S.C.] § 3742(a)." *Grant*, 636 F.3d at 815–16 (quoting *Bowers*, 615 F.3d at 728). Our citation to *Bowers* for that point may have been misguided, as *Bowers* addressed our jurisdiction to review sentence-reduction proceedings, not what district courts are required to consider during those proceedings.

*Id.* at 258. On appeal, we stated that *Bowers* stripped us of jurisdiction to review "challenges to the procedural and substantive reasonableness of the outcome of [the defendant's] § 3582(c)(2) sentence-reduction proceeding under the 'reasonableness' review that the Supreme Court instituted in [*Booker*]." *Id.* Finding that the defendant's arguments were "[a]t their core" *Booker* unreasonableness challenges, we decided that we lacked jurisdiction under § 3742(a)(1) to review his claim. *Id.* In reaching that decision, we criticized a post-*Bowers* published decision of this court invoking § 3742(a)(1) jurisdiction to review some of the defendant's claims—describing it as "not faithful to *Bowers*." *Id.* That case, *United States v. Howard*, also involved a § 3742(a)(1) challenge to a sentence-reduction proceeding under § 3582(c)(2). 644 F.3d 455, 458 (6th Cir. 2011). In *Howard*, we invoked our § 3742(a)(1) jurisdiction to review the defendant's claim that his sentence was imposed in violation of law because, he argued, the court made its decision without a hearing and without adequately explaining its ruling. *Id.* at 458–59. Then, expressly citing to *Bowers*, we held that we lacked jurisdiction under § 3742(a)(1) to review his argument that the court failed to consider sentencing disparities because it amounted to a *Booker* unreasonableness challenge. *Id.* at 461–62. *Howard*'s more limited construction of *Bowers* is consistent with en banc precedent; *Reid* is the case in which we strayed.

For our purposes, however, neither *Howard* nor *Reid* are particularly instructive. In each case, we entertained different permutations of alleged § 3742(a)(1) violations of law. These cases say nothing about § 3742(a)(2). It is telling that the *Reid* decision identifies *Bowers*'s "explicit[]" holding as this: "[A] defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *Reid*, 888 F.3d at 258 (quoting *Bowers*, 615 F.3d at 727). Our precedent does not prevent us from reviewing challenges to sentence-reduction proceedings under § 3742(a)(2).

The majority's interpretation of *Bowers* permits the exception to swallow the rule. By recasting the § 3742(a) jurisdictional grounds as questions of "substantive unreasonableness" or "procedural unreasonableness," the majority stretches *Bowers* past its already questionable bounds. If *Bowers*'s logic were carried out to its maximum extent, we would have no jurisdiction under any circumstances to review sentence-reduction proceedings. We are already far apart from other circuits on this question, as we are the only circuit to have concluded that we lack jurisdiction in some cases to review sentence-reduction proceedings. *See United States v. Rodriguez*, 855 F.3d 526, 530 (3d Cir. 2017) (noting that "[n]o Circuit has followed [*Bowers*]"); *United States v. Calton*, 900 F.3d 706, 712–13 (5th Cir. 2018); *United States v. Jones*, 846 F.3d 366, 369–70 (D.C. Cir. 2017)[3]; *United States v. Hernandez-Marfil*, 825 F.3d 410, 411 (8th Cir. 2016) (per curiam); *United States v. Washington*, 759 F.3d 1175, 1179–81 (10th Cir. 2014); *United States v. Purnell*, 701 F.3d 1186, 1188 (7th Cir. 2012); *United States v. McGee*, 553 F.3d 225, 226 (2d Cir. 2009) (per curiam), *superseded on other grounds*. If there is to be movement on *Bowers*, it should be to abrogate it, not expand it. I dissent.

---

[3]Justice Kavanaugh joined the majority in this decision.