NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0050n.06

No. 24-5301

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

January 29, 2025

KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA

      Plaintiff-Appellee,

v.

TREY ANDERSON,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

UNSEALED OPINION (See Appendix)

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Trey Anderson appeals the district court's denial of his motion to reduce his sentence. We affirm.

In June 2019, a federal grand jury indicted Anderson on five drug and firearms charges. In December 2020, Anderson entered a conditional guilty plea under a Rule 11(c)(1)(C) agreement that called for a 151-month sentence—effectively a one-step departure from the government's estimated guidelines range of 168–210 months.

Before sentencing, the probation office prepared a presentence-investigation report that recommended a sentencing range one step higher than the government's initial estimate. At sentencing, the government still recommended the 151-month sentence and so requested a two-step downward departure from the guidelines range. The court adopted the probation office's report and imposed the 151-month sentence. The court emphasized, however, that "a sentence any lower than that would not represent just punishment in this case."

Three years later, the U.S. Sentencing Commission adopted a retroactive amendment to the Sentencing Guidelines that eliminated the two-level enhancement for committing a crime while on supervised release or probation. That amendment lowered Anderson's guidelines range by one step—from 188–235 months to 168–210 months. Anderson moved to reduce his sentence to 135 months, which would reflect a two-step departure from the new guidelines range. The court denied his motion. This appeal followed.

We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Reid*, 888 F.3d 256, 257 (6th Cir. 2018).

Anderson argues that the district court did not adequately explain why it did not reduce his sentence. A district court must explain resentencing decisions with enough detail to "allow for meaningful appellate review." *United States v. Akridge*, 62 F.4th 258, 265 (6th Cir. 2023). But a "full opinion" is not necessary in every case. *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018). Instead, "the sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (quotation marks removed).

Here, the court explained that it had "carefully considered the recalculation memo provided by the U.S. Probation Office, the responses to such from the parties, and the sentencing factors set out at 18 U.S.C. § 3553(a)." "That recital standing alone" is likely enough. *United States v. Barber*, 966 F.3d 435, 439 (6th Cir. 2020). But here the court also observed that the "defendant's troubling criminal history includes a conviction for Facilitation to Murder;" that the "offenses of conviction include possession with intent to distribute significant amounts of methamphetamine and heroin, and illegal possession of multiple firearms;" and that the "recommended guidelines range [with the amendment] still remains above the 151-month sentence imposed." That was

ample explanation for the court's conclusion "that no further reduction" in Anderson's sentence "is warranted." *See Akridge*, 62 F.4th at 265.

Anderson also argues that his sentence was substantively unreasonable. But nothing in the record here suggests that the court failed to consider a relevant sentencing factor or gave "an unreasonable amount of weight to any pertinent factor." *See, e.g.*, *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022).

The district court's order is affirmed.

APPENDIX

On January 29, 2025, the court filed this opinion under seal, and granted counsel ten (10) days to move for redaction of sensitive information, if any, contained in the opinion.  On February 19, 2025, the court, having received no motion for redactions, unsealed the opinion.  The date the opinion is deemed to have been filed remains January 29, 2025.